By the Court. Hoffman, J.
Two questions only are raised.
I. Charles W, Pratt made his promissory note in favor of Samuel Bailey, the defendant. The latter endorsed it in blank, and transferred and delivered it to Preserved Gaige, and Gaige, in the language of the complaint, “ transferred and delivered the same to the plaintiff, who is now the lawful bearer and owner of the same.” It is sufficiently shown by the evidence that Gaige delivered this note without endorsing it. Gaige was *512 examined as a witness on the trial on behalf of the plaintiff, and after his examination, the defendant offered himself as a witness to the same points as those to which G-aige had been examined, Upon an objection made, the witness was rejected, and this rejection presents the first exception taken,
The ground to sustain the admissibility of the defendant is, that Gaige was an assignor of a thing in action through which the plaintiff derived title, and that the adverse party may, in such case, offer himself as a witness to the same matter, under the 399th section of the Code.
Whether this section applies to the case of endorsers of negotiable paper at all, is a question we do not feel called upon to discuss. We are clearly of opinion, that the ease of an endorser delivering a note without his own endorsement, is not within the provision,
It deserves notice that the holder of a note or bill may strike out all intervening endorsements; may omit to state them in his declaration after the first endorsement in blank; and may aver that such first endorser endorsed immediately to himself (Byles on Bills, 87); and if a bill be once endorsed in blank, although afterwards endorsed in foil, it will still, as against the drawer, payee, and acceptor, be payable to bearer; though as against the special endorser, title must be made through his endorsee, (Smith v. Clark, Peake 225.)
The effect of this rule of law is, that a holder, however remote, may overlook the derivation of his title through a series of endorsers, and treat the payee of the note as the original source of his right. We cannot conceive that the Legislature meant, in the section before us, to adopt a rule which would conflict in principle with so settled a doctrine of mercantile law.
H, The next question arises upon the refusal of the judge to admit testimony to establish the defence of usury in the note, on the ground that the answer did not set forth sufficiently the facts constituting the usury, or usurious agreement.
The answer avers merely, “that the said Gaige took and exacted from the said Pratt an illegal usurious interest for the loan and forbearance of the moneys to the said Pratt on the said note, when he received the same in violation of the statute; *513 and that he received a greater interest than at the rate of seven dollars for $100.”'
It is needless to dwell upon this point. The answer is wholly insufficient to warrant the production of any testimony, and the application to amend it at the trial was also rightly denied. Both these positions rest upon authorities so numerous and consistent as to establish truisms in the law.
The appeal must be dismissed, and the judgment affirmed, with costs.