The note was void, as against the makers, because they were married women, and incapable of contracting obligations in that form. But when the defendant endorsed the note, he impliedly contracted that the makers were competent to contract, and had legally contracted, the obligation of joint makers of the note. He also assumed the legal obligation, in most respects, of the drawers of the bill. The fact, known to the plaintiff at the time he took the note, that the makers were married women, did not deprive him of the character of a bona fide purchaser. Nor does the payee's knowledge that the drawee is a married woman, discharge the drawer in case of non-payment of the bill by the drawee. Nor is the endorser discharged, though the name of the maker is forged. (1 Comst., 113.) The fact is not found that the plaintiff was aware the note was accommodation paper. The plaintiff was a bona fide purchaser within the law merchant. Neither the complaint, nor the finding of the *Page 577 
referee, tell us who transferred the notes to the plaintiff. The legal presumption is, that he received them from some legal holder in due course of business.
The judgment should be affirmed.
BROWN, J., delivered an opinion to the same effect.
All the other judges concurring,
Judgment affirmed.