CHARLES MORFORD and another *v.* JOHN A. DAVIS.

Usury is a defense which can not be made available on the trial of a cause, unless it be pleaded; and where the answer of an indorser does not show that the contract of indorsement made by him was usurious, evidence tending to prove that fact should be rejected.

An indorsement, as between the indorsee and the indorser, is a new and independent contract, having no connection with a usurious contract between the payee and the person discounting it, and is unaffected by it. And it is not competent for the indorser to say that his indorsement is invalid; nor can he, in any event, set up his own illegal act, in taking usury, to defeat a recovery against him, upon the same instrument.

A usurious agreement between the first indorsee of a note and one who discounts the same for his benefit will constitute no defense to an action by the last indorsee, against him, upon his contract of indorsement.

APPEAL from the Supreme Court.   The action was brought against Davis and John P. Westervelt, as indorsers

of a promissory note made by one Haskin, on the 2d day of February, 1857, for $2500, payable to the order of Westervelt six months after date.  In the complaint it was alleged that the note was indorsed by Westervelt, the payee, to Davis, by Davis to Noxon, and by Noxon to the plaintiffs. That when it became due it was duly presented for payment to Haskin, and payment demanded; that it was not paid, and due notice of the default was given to the indorsers. That the plaintiffs were the lawful owners of the note; that each of the defendants was indebted to them in the full amount thereof, for which, with interest and costs, they demanded judgment.

The defendant, Davis, in his answer, denied that the note was ever transferred or delivered by the maker to the payee for value, or any consideration whatever; and he alleged that the note was delivered to the payee solely for the purpose of raising money thereon for the maker's benefit; that when the note was transferred to Davis, it was so transferred upon a usurious agreement between the payee and Davis, whereby there was agreed to be reserved and taken out of the note, for the forbearance thereby granted, a sum equal to three per cent a month for the loan and forbearance aforesaid; and that such agreement was carried out accordingly; wherefore he demanded that the complaint be dismissed.

The cause was tried before a referee, and on the trial the defendant, Davis, proved the origin of the note, and the transfer thereof from Westervelt to him, to have been as stated in the answer.  He also gave evidence (some of which was objected to by the plaintiffs as inadmissible under the pleadings) tending to show that the discount of the note by Noxon, and by the plaintiffs, was at a usurious rate of interest.

The referee, by his report, found the usurious agreement between Westervelt and Davis, as stated in the answer of Davis; that the note was void as against Westervelt, and

the complaint was therefore dismissed as against him. He also found that such usurious agreement, between Wester-velt and Davis, constituted no defense against the contract which the defendant, Davis, entered into upon his transfer and indorsement of the note to Noxon. (To this finding the defendant, Davis, excepted.) The referee also found that the defense of usury in the transfer and indorsement by the defendant, Davis, to Noxon, was not admissible in evidence under the answer of Davis. (To this finding the defendant, Davis, excepted.) It was also found that the plaintiffs were entitled to judgment against the defendant, Davis, for. the amount of the note and interest; to which finding the defendant also excepted. Judgment was entered in accordance with the report, which on appeal by the defendant, Davis, to the general term of the Supreme Court was affirmed, and he thereupon brought the present appeal. The only question presented on the merits was, whether Davis could set up usury in the inception of the note as a bar to his liability; he himself being the usurer.

*John K. Porter*, for the appellant.

*Edward Fitch*, for the respondents.

I. The answer of the defendant, Davis, does not put in issue either the *bona fides* of the holding of the plaintiffs or of Noxon, nor the fact of a valuable consideration having been paid upon the transfer to Noxon and from Noxon to the plaintiffs, but relies solely upon the effect of the usury exacted by Davis himself in the original discounting of the note for Westervelt. The answer is therefore bad upon two grounds; first, the contract of indorsement on which Davis is sued is a new contract in its relation to the contract expressed by the note, and therefore can not be affected by usury in the note; and second, it is not competent for the usurer to set up the statute as a means of protecting him-

self in the enjoyment of the fruits of his usury. 1. The contract on which Davis is sued, as expressed by the indorsement is, that the note was a valid note and would be paid at maturity, and that if not paid by the maker he would pay it. This contract is based upon a consideration moving from Noxon to Davis, which, under the answer of Davis, can not be inquired into, but must be assumed to be 'adequate to support the contract in its fullest scope. (*Delaware Bank* v. *Jarvis,* 20 N. Y. 226.) 2. Usury in the contract expressed by the note can not affect the subsequent engagement of the indorser. (*a.*) This point was distinctly ruled in a parallel case, in *McKnight* v. *Wheeler,* (6 Hill, 492.) (*b.*) In *Churchill* v. *Hunt,* (3 Denio, 321,) it was held in an action on a bond conditioned for the payment of a note of the obligee held by a third person, that it was not competent for the obligee to set up usury in the giving of the note as a defense. 3. The whole object of the statutes of usury would be defeated if the usurer could set up the statute; it would in that case become the instrument of giving efficacy to the very act which it seeks to render void.

II. The plaintiffs were entitled to judgment against Davis on his answer. Consequently the report of the referee is correct.

III. The defendant, Davis, did not move to amend his answer; he is not therefore entitled to the benefit of the fifth exception to the referee's decision.

IV. The judgment below is free from error, and should be affirmed with costs.

Selden, J. Usury is a defense which can not be made available on the trial of a cause, unless it be pleaded; and the answer of Davis not showing that the contract of transfer and indorsement of the note by him to Noxon was usurious, the evidence tending to prove that fact was properly rejected. (*Gould* v. *Horner,* 12 Barb. 601; *Watson* v. *Bailey,* 2 Duer, 509.)

The contract of indorsement, made by Davis, had no connection whatever with the usurious contract between Westervelt and Davis, and is not affected by it. The indorsement constituted a new contract between Davis and Noxon, upon sufficient consideration, and was valid and binding upon the defendant, although the note was void. *(McKnight v. Wheeler,* 6 Hill, 492; *Churchill* v. *Hunt,* 3 Denio, 321.) Indeed, the fact of the transfer of the note by the defendant to Noxon, as a valid instrument, is of itself sufficient to estop him from alleging, as against Noxon, or any one claiming under him, that the note was void. *(Delaware Bank* v. *Jarvis,* 20 N. Y. 226.)

The judgment of the Supreme Court should be affirmed.

INGRAHAM, J.    The defense in this case to the note upon which the action was brought is, that the note is void for usury. The usury set up in the answer is the usury between Davis and the payee, who sold it for the benefit of the maker. The note was usurious as between Davis and the parties to the note, and was so found by the referee. The defendant Davis seeks to avail himself of his own act in taking usury, as a defense for himself as indorser. The decision in *Delaware Bank* v. *Jarvis,* (20 N. Y. Rep. 226,) is in point in this case, so far as to hold that the defendant can not set up this defense against the party to whom he passed the note. That case decides that the transferor of a chose in action impliedly warrants its legal soundness and validity; and that if there are any exceptions, they do not exist where the invalidity of the security sold arises out of the vendor's own dealing with or relation to it. The judge says: "On the sale of the note the defendant became chargeable on an implied undertaking that he held it by a right and title which would enable the purchaser to enforce it against the parties to it."

Such an indorsement, as between the plaintiffs and Davis, was a new and independent contract, and it was not compe-

tent for him to say that his indorsement is invalid; (*Mc-Knight* v. *Wheeler*, 6 Hill, 492;) nor could he in any event set up his own illegal act in taking usury to defeat a recovery against him upon the same instrument. (*La Farge* v. *Herter et al.* 5 Seld. 241.)

It may be that under a proper answer the defendant might have set up usury as between himself and the plaintiffs, in the transaction upon which he transferred the note to them. He has, however, stated no such defense in the answer, and he can not now rely on that to defeat the plaintiffs' recovery.

The judgment should be affirmed.

All the Judges concurring,

Judgment affirmed.