THE MT. PLEASANT BRANCH OF THE STATE BANK v. McLERAN *et al.*

1. Bills and notes: DAYS OF GRACE : NEW YORK STATUTE AS TO BANKERS. A person claiming an exemption from liability on a bill of exchange upon drawees in New York, by reason of the New York statute, passed April 14, 1857, denying grace on all sight bills, and those appearing on their face to have been drawn upon any bank, banking association, or individual banker carrying on a banking business under the act to authorize banking, must show affirmatively that he comes within such exemption ; and if it does not so appear on the face of the bill, it will not be presumed.

2. —— DEMAND : WHO MAY MAKE. While a demand of payment should bo made by the owner of the paper, either personally or by his duly authorized agent, this agency is sufficient if made by parol, and it may be created by handing over the bill with instructions to demand payment.

3. —— DRAWEES MAY ACT AS AGENTS. The drawees in a bill of exchange may act as the agents of the holder, in procuring a proper presentment and protest, in order to secure the holder's rights against third parties to the paper.

4. —— PRESENTMENT TO PARTNER. The presentment to one of the partners, of a bill drawn upon the firm, is sufficient.

5. —— GUARANTOR UNDER THE STATUTE. A guarantor under our statute (Rev. § 1800) is chargeable without notice of non-payment, if the holder show affirmatively that the guarantor has received no detriment from the want of notice.

*Appeal from Henry District Court.*

WEDNESDAY, JANUARY 27.

ACTION on a bill of exchange drawn by Lathrop & Darnall, in Mount Pleasant, Iowa, upon Atwood & Co. of New York, payable to the order of A. Roads. Upon the back of the bill there was the following: "Pay T. Whiting cash. James McLeran, A. Roads." The bill was dated February 27, 1861, and made payable ninety days after date, and acceptance waived. The original petition, and the several amendments "in addition thereto," claim to recover of McLeran and Roads, as indorsers (averring due presentment, non-payment and notice thereof), and also of McLeran, as guarantor, and as having received from the drawees the means with which to pay the bill. Defense in denial, and also usury, taken under color of "exchange." The court excluded the certificate of the notary of the presentment and protest, and instructed the jury to find for the defendants McLeran and Roads. The plaintiff appeals. The further facts are stated in the opinion.

*T. W. & John S. Woolson* for the appellant.

*H. & R. Ambler* for the appellees.

COLE, J. — The plaintiff introduced the bill of exchange sued on, in evidence, and also introduced testimony tend-

1. BILLS AND NOTES: days of grace: New York statute as to bankers.

ing to show that the bill was given in renewal of another bill made by the same parties; that after it had been written out at the plaintiff's bank, it was taken away by one of the drawees, and soon after returned, with the signatures as they now appear on it; the name of the defendant, James McLeran, being written on the back of the bill, above the name of

the defendant A. Roads, who is the payee thereof; that the words "pay T. Whiting cash," were written on the bill afterward, and just before sending it to New York for collection; that the defendant Roads received a notice of protest by mail, purporting to have been made on the third day of grace, and he received it shortly thereafter; that the drawers were now in no worse pecuniary condition than at the maturity of the bill; that the drawees had delivered to McLeran, before its maturity, ample collaterals for the payment of the bill; that McLeran had made two small payments thereon since the maturity and return of the bill, and said payments were duly indorsed as credits thereon. The defendants, then, by consent, introduced in evidence an exemplified copy of a statute of New York, passed April 14, 1857, denying grace on all sight bills, etc., and on " all bills, etc., appearing on their face to have been drawn upon any bank, or upon any banking association or individual banker carrying on a banking business under the act to authorize the business of banking," etc. The plaintiff then offered testimony tending to show that Atwood & Co. were not bankers under the act referred to, but simply brokers, dealing in stocks, etc., and that plaintiff kept its deposit account with them.

Plaintiff then offered to read in evidence the notarial certificate of protest of the bill sued on, purporting to be made on the day of its maturity, with grace. The certificate is in the usual form, and recites that, "at the request of Atwood & Co., of the city of New York, bankers, the original bill of exchange hereto annexed was presented to one of the firm of Atwood & Co., and payment thereof demanded, which was refused." The defendants objected to its introduction in evidence, because, first, it shows the presentation to have been made on the third day of grace, while it should have been

made without grace; second, the demand is not shown to be the act, nor at the instance or request, of the plaintiff, or the payee or indorsee of the bill; third, it does not show that the demand was made at the place of payment or of the drawees of said bill; fourth, it does not identify the bill. These objections were sustained by the District Court and the notarial certificate excluded; and upon this ruling the first error is assigned.

As to the first ground of objection, it is sufficient to remark, that the bill of exchange in controversy does not appear on its face to have been drawn on a bank, banking association or individual banker doing business under the New York banking law. It is simply drawn on "Messrs. Atwood & Co., New York;" and the testimony tends to show, and is, perhaps, without conflict, that they are not bankers. The New York statute changes the rule of the law merchant, and if the defendants claim an exemption from liability by reason of it, they must show themselves within it. This they have not done, and this objection, therefore, was not well taken.

As to the second ground of objection, that the demand was not made at the request of the owner, the general rule must obviously be, says Mr. Parsons, that a demand of payment should always be made by the owner of the paper, either personally or by his duly authorized agent. 1 Parsons on Notes and Bills, 357. But this agency is sufficient if made by parol; and it may be created by merely handing over the bill with instructions to demand payment. *Sussex Bank* v. *Baldwin*, 2 Harrison, 487. And the official signature of the cashier on the back of the bill, and sending it for the purpose of demand to another cashier, is also sufficient. *Hartford Bank* v. *Barry*, 17 Mass. 94; *Shed* v. *Brett*, 1 Pick. 401; *Seaver* v. *Lincoln*, 21 id. 267.

Whether Atwood & Co. were the agents of plaintiff

in requesting the notary to make the demand for pay-

*3. —— drawees may act as agents.* ment, was a question of fact, proper to be determined by the jury. There was some evidence tending to show their agency—such as the fact that plaintiffs were keeping their deposits with them; that the bill was sent directly to them with an indorsement of "credit account" thereon, etc., etc. The fact that they were the drawees, would not prevent them from acting as the agents of the plaintiff in securing a proper presentment for payment and a due protest thereof, in order to secure the plaintiff's rights as against other parties to the paper. Nor does the certificate of the notary, that he presented it "at the request of Atwood & Co.," negative the idea that they made the request as agents, and certainly it does not preclude proof that they were so acting. The court, therefore, could not properly say, as a matter of law, that the presentment was not made by the owner or a duly authorized agent, and the second ground of objection cannot be sustained.

As to the third objection, it is only necessary to state, that the certificate shows the demand to have been made *4. —— present-ment to part-ner.* of one of the firm of Atwood & Co., who were the drawees, and that the presentment of a partnership bill to one of the partners is sufficient. 1 Pars. on Notes & Bills, 362; *Shed* v. *Brett,* 1 Pick. 401, *supra; Erwin* v. *Downs,* 15 N. Y. 575. And as to the fourth ground, insufficiency of indentification, it need only be stated, that the original bill and notarial certificate are sent to this court by agreement of counsel, and we find the bill annexed to the certificate, as is therein stated; and this, with the testimony of the witness Whiting, was a sufficient identification, beyond question. We conclude, therefore, that the court erred in excluding the notarial certificate.

Under our statute the blank indorsement of an instru-

ment for the payment of money or labor, by a person not
a payee, indorsee, or assignee thereof, shall be
deemed a guaranty of the performance of the
contract. Rev. § 1800 (953.) It is also provided, in the
next section, that such guarantor is chargeable without
notice, if the holder show affirmatively that the guar-
antor has received no detriment from the want of notice.
It is very clear from the order in which the names of
McLeran and Roads appear upon the back of the bill,
that McLeran was, under the section first above cited,
a guarantor. There was testimony tending to show
affirmatively that he had received no detriment from the
want of notice. Under these circumstances, the case
involved questions of fact proper for the determination of
the jury, and it was error for the court to take the case
from them and to instruct them, as a matter of law, to
find for these defendants.

<div style="margin-left:2em;">5. —— guar-<br>antor under<br>the statute.</div>

Reversed.