## JAMES F. DALRYMPLE, Respondent, v. JOSEPH HILLEN-BRAND, Appellant.

*Promissory note — indorser — contract of.*

In this action, brought by the plaintiff against the defendant, an indorser of a promissory note, made by Altenbrand Bros., the defense was, that, when the note was made, the makers were not partners, they having then been adjudged bankrupts, and also that it was made without consideration, in fraud of the bankrupt law. *Held* (1), that by his indorsement the defendant guaranteed the genuineness of the signature of the makers, and that they had power to bind themselves by their contract; (2), that in any event the defense was not available against the plaintiff, a *bona fide* holder for a valuable consideration, without notice, who had acquired title to the note before its maturity.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The facts are stated in the opinion.

*Daniel Pratt*, for the appellant.

*Weed & Hammond*, for the respondent.

MULLIN, P. J.:

On the 26th April, 1872, Altenbrand Brothers made their promissory note, payable to their own order, for $1,000, one year from date. It was indorsed in the name of the firm, and by the defendant and Chamberlain Brothers, and, before maturity, transferred to the plaintiff for a valuable consideration, and without any proof of notice to him of defect or illegality in said note in its inception or transfer. The note was duly presented for payment, and protested for non-payment, and notice given to the indorsers. The action is on the note, and the defense is that the makers were not partners when the note was made, having been adjudged bankrupts some months prior to its date. That it was without consideration, and was given in fraud of the provisions of the bankrupt law.

The defendant, as indorser of this note, cannot assail its validity on any of the grounds insisted on by him. Story, in his work on

promissory notes, * says, " the indorsement of a promissory note is a guarantee on the part of the indorser, that the signatures of the makers and the prior indorsers thereon, are genuine, and that the prior parties to the note had power to do all that they had done, and to bind themselves by their contract."†

Again, the defenses set up are not available to the defendant against the plaintiff, who is a *bona fide* holder for a valuable consideration, without notice, and who had acquired title to it before maturity.‡

This disposes of the case, and it is unnecessary to examine any other of the appellant's points. It is quite probable that illegal evidence was received, but it had no bearing on the questions on which the case is decided.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.

* Page 157.

† Byles on Bills, 148; Edwards on Bills, 289; Erwin v. Downs, 15 N. Y., 575.

‡ McKnight v. Wheeler, 6 Hill, 492; Morford v. Davis, 28 N. Y., 481; Devlin v. Brady, 36 id., 531; Delaware Bank v. Jarvis, 2 id., 226.