## DALRYMPLE v. HILLENBRAND.

*Promissory note — indorsement — holder for value without notice of defect.*

In an action by the holder in good faith for value, etc., against the indorser of a promissory note purporting to be made by a firm, *held*, that the defenses that the makers were not partners and that the note was without consideration and in fraud of the bankrupt act, were not available, as (1) the indorsement was a guaranty that the prior acts were valid and signatures genuine, and as (2) plaintiff was a holder before maturity for value without notice of such defects.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought in Seneca county by James F. Dalrymple against Joseph Hillenbrand, upon a promissory note purporting to

be made by the firm of Altenbrand Brothers, payable to the order of themselves, and which was indorsed by the makers and defendant. Sufficient facts appear in the opinion.

*Daniel Pratt* and *Rowan & Helm*, for appellant.

*Weed & Hammond*, for respondent.

MULLIN, P. J.   On the 26th of April, 1872, Altenbrand Brothers made their promissory note payable to their own order for $1,000 one year from date.   It was indorsed in the name of the firm, and by the defendant and Chamberlain Brothers, and before maturity transferred to the plaintiff for a valuable consideration, and without any proof of notice to him of defect or illegality in said note in its inception or transfer.   The note was duly presented for payment and protested for non-payment and notice given to the indorsers.

The action is on the note, and the defense is that the makers were not partners when the note was made, having been adjudged bankrupts some months prior to its date, and that it was without consideration, and was given in fraud of the provisions of the bankrupt law.

The defendant as indorser of this note cannot assail its validity on any of the grounds insisted on by him.   Story in his work on promissory notes, at page 157, says the indorsement of a promissory note is a guaranty on the part of the indorser that the signatures of the makers and the prior indorsers thereon are genuine, and that the prior parties to the note had power to do all that they have done, and to bind themselves by their contract.   Byles on Bills, 148; Edwards on Bills, 289 ; *Erwin* v. *Downs,* 15 N. Y. 575.

Again, the defenses set up are not available to the defendant against the plaintiff, who is a *bona fide* holder of the note for a valuable consideration without notice, and who had acquired title to it before maturity. *McKnight* v. *Wheeler,* 6 Hill, 492 ; *Morford* v. *Davis,* 28 N. Y. 481 ; *Devlin* v. *Brady,* 36 id. 531 ; *Delaware Bank* v. *Jarvis,* 20 id. 226.

This disposes of the case, and it is unnecessary to examine any other of the appellant's points.   It is quite probable that illegal evidence was received, but it had no bearing on the questions on which the case is decided.

The judgment must be affirmed.

*Judgment affirmed.*