GEORGE J. PENFIELD AND OTHERS, EXECUTORS, ETC., APPEL-
LANTS, v. WILLIAM W. GOODRICH, IMPLEADED WITH
OTHERS, RESPONDENT.

*Conveyance subject to mortgage — effect of agreement by mortgagee to extend time of payment.*

Where a mortgagee enters into an agreement with one to whom the property has
been conveyed subject to the mortgage, extending the time of payment thereof,
he does not thereby release the mortgagor from his liability upon the bond
executed at the time of the giving of the mortgage.

APPEAL from a judgment entered upon the report of a referee.

This action was brought for the foreclosure of a mortgage upon real estate. The mortgage and the bond accompanying it were executed by the defendant William W. Goodrich on the 18th day of December, 1871, to the Knickerbocker Life Insurance Company, to secure the payment of $5,000 and interest and were assigned by that corporation to the plaintiffs, as executors, on the 17th day of September, 1873. The complaint, as amended, was in the usual form, and contained a prayer for judgment for deficiency (if any) against the defendant Goodrich, who answered, alleging that after the execution of the bond and mortgage he sold the property subject to the mortgage, and that the same subsequently passed by several mesne conveyances to one Mary A. Van Alen; and that thereafter, by an agreement between the plaintiffs and said Mary A. Van Alen, the time for the payment of the principal of the bond and mortgage was extended without his knowledge or consent.

The issues having been referred the cause was tried before the referee, who reported granting to plaintiffs a judgment of foreclosure and sale, but refusing to allow a judgment for a deficiency against the defendant Goodrich, on the ground that the time for the payment of the mortgage had been extended without his knowledge or consent.

Judgment having been entered in accordance with the report, the plaintiffs appealed from so much of the same as adjudged that an agreement to extend the time was made, and that the defendant

Goodrich was released thereby. Also from an order denying a motion for a new trial.

*Wm. G. Nicoll,* for the appellants.

*Wm. W. Goodrich,* respondent, in person. The extension and alteration of the bond discharged the bondsman. (See *Bancker* v. *Mayor,* 8 Hun, 409; *Calvo* v. *Davies,* id., 222; *Thorp* v. *The Keokuk Coal Co.,* 48 N. Y., 258; *Nichols* v. *Ash,* 3 N. Y. Weekly Dig., p. 10, Aug. 14, 1876.) The land is the primary fund for the payment of the mortgage, and any dealing which puts it out of the power of the mortgagee to proceed against that fund, discharges the bondsman who stands in the light of a surety. (*Jumel* v. *Jumel,* 7 Paige, 591; *Harris* v. *Jex,* 66 Barb., 232; *Freeman* v. *Auld,* 44 N. Y., 50; *Nichols* v. *Ash,* above cited.)

GILBERT, J.:

It is of the essence of suretyship that there be a principal obligation, for the performance of which the surety has undertaken. Nor can a person at the same time bear toward his creditor the relations both of principal debtor and surety. In this case the bond and mortgage were made by Mr. Goodrich. Afterwards he conveyed the mortgaged premises subject to the mortgage, and through several mesne conveyances the title to the premises has become vested in Mrs. Van Alen, the present owner; but neither of these grantees assumed or became personally bound to pay the mortgage debt. The bond of Mr. Goodrich is the only personal obligation held by the plaintiffs for the payment of the indebtedness due them. A grantee of land subject to a mortgage incurs no personal liability to the mortgagee. The conveyances in this case, therefore, had no effect upon Mr. Goodrich's liability upon his bond. By that instrument he became the principal and only debtor, and such he has ever since continued to be. If the grantee, in his conveyance referred to, had assumed the payment of the mortgage debt, a different question would have been presented. In such a case, it might properly be contended that such grantee, by his assumption of the payment of the mortgage debt, had become the principal debtor, and that the liability of Mr. Goodrich had been changed to

that of a surety merely. Whatever may be the rule of equity in such a case, we are clear that no such change is wrought by means of a conveyance of land subject to a mortgage. It is true that the land conveyed became the primary fund for the payment of the mortgage debt, so that in case Mr. Goodrich pays the debt, he will, in equity, be subrogated to the rights of the plaintiffs as mortgagees. But those rights will belong to him, not because he is a surety, but because he has discharged a debt which is a lien upon land conveyed by him subject thereto, and it is but just and equitable that, having paid the debt for which the land is primarily bound, he should be substituted in the place of the creditor, and succeed to his rights.

There is, it must be confessed, much similarity in the position of Mr. Goodrich to that of a surety, and if the land could be indued with the qualities of a person, the analogy would be complete. But the rule which discharges a surety on account of the creditor's dealings with the principal debtor has not, to my knowledge, been applied, except in cases where the technical relations of principal and surety existed. Even where the contract is in form one of suretyship, and the obligation of him who is nominally the principal debtor is voidable or void for lack of capacity to contract, as in the case of infants and married women, the surety has been held liable at law as upon an original undertaking. (*Harris* v. *Huntbach*, 1 Burr. 373; *Kimball* v. *Newell*, 7 Hill, 116; *Erwin* v. *Downs*, 15 N. Y., 575.) And there appears no reason why equity should not follow that rule. If the bond in suit had been given after the conveyance to Mrs. Van Alen, for her benefit, and she had made the mortgage, there would have been no reasonable ground for claiming that Mr. Goodrich's liability was aught but that of a principal debtor. In that case, as in this, the land would have been primarily bound, but that fact would not have clothed Mr. Goodrich with the character of a surety, nor altered the legal effect of his bond, and we see no reason why it should have that effect in the case before us.

This conclusion renders it unnecessary to examine the other questions presented.

The part of the judgment appealed from and the order refusing

a new trial should be reversed, and a new trial should be granted, with costs to abide the event.

Present — GILBERT and DYKMAN, JJ. BARNARD, P. J., not sitting.

Part of judgment appealed from reversed, and new trial granted at Special Term, with costs.