DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## May, 1878.

---

## OLIVER H. P. ARCHER, RESPONDENT, v. THOMAS A. SHEA, IMPLEADED WITH B. HENRIGHT, APPELLANT.

*Promissory note — indorser of — contract of — Accommodation paper — Usury — how it must be pleaded.*

In an action upon a promissory note, executed in the usual form, the indorser set up as a defense that the maker of the note was a married woman. *Held*, that this constituted no defense, as it was part of the contract of indorsement that the maker of the indorsed paper was competent to contract in that form.

The answer further alleged that the note was indorsed for the accommodation of the husband of the maker, and that this fact was known to plaintiff when he took the note. *Held*, that, as it was not alleged that the husband was in any way restricted as to the use he might make of the note, this constituted no defense.

It further alleged that the plaintiff purchased the note at a usurious discount. *Held*, that this did not show usury, as it was not alleged that the plaintiff purchased from the husband, and the latter might have sold it to a third person at a legal discount, and the plaintiff might have purchased from such third person.

APPEAL from a judgment entered on an order adjudging the defendant's answer to be frivolous.

The action was brought against the maker and indorser of a promissory note.

The defendant Shea, for answer to the complaint of the plaintiff therein, alleged:

" First. That the defendant, B. Henright, at the time of making the note set out in said complaint, was a married woman, the wife of Henry Henright.

" Second. Denies that Thomas A. Shea for value indorsed the note mentioned in said complaint, and denies that he delivered said note so indorsed to M. Kilgour; but alleges that he delivered the said note to said Henry Henright, who was the agent of B. Henright, and simply for his accommodation and without consideration, and that the plaintiff herein, as defendant is informed and believes, well knew that the defendant was simply an accommodation indorser thereon when he took said note.

" Third. That when said plaintiff purchased said note, a greater discount was allowed and received by him than the legal interest due or to become due on said note."

*F. W. Taber,* for the appellant.

*Field & Deyo,* for the respondent.

DANIELS, J.:

The action was prosecuted against the defendant as the indorser of a promissory note, alleged to have been made by a married woman. That circumstance was relied upon as one which would render the indorsement made, inoperative as a legal agreement. But such clearly is not the law; for it is part of the contract of indorsement that the paper indorsed has been made by a person competent to contract in that form. And consequently, the fact that the maker may not have become legally bound, affords no defense to the action brought upon the paper against the indorser. (*Erwin* v. *Downs*, 15 N. Y., 575.)

The next fact alleged, by way of defense, is that the defendant indorsed the note for the accommodation of Henry Henright, to whom it was delivered, and that the plaintiff received it knowing that to be the fact. It was not alleged that Henright was in any form restricted in the use which he might make of the defendant's indorsement. For that reason, he was at liberty to use it in any way that might prove beneficial to himself. (*Seneca Co. Bank* v. *Neass*, 3 Comst., 443.)

In the further defense stated, it was not averred that the plaintiff received the note from Henright, but simply that he purchased it at a greater rate of discount than the legal interest due, or to become due upon it. If, as the plaintiff alleged, he received the note from some person to whom it had been previously transferred, he could very well purchase it at a greater rate of discount than seven per cent. without rendering it usurious in his hands. If that were not the fact, the answer should have shown it; for, in the absence of a different allegation, the court is required to presume in favor of the legality of the transaction through which the plaintiff received the note.

All that the defendant has stated in his answer may very well be true, and still the purchase of the note at a rate of discount exceeding seven per cent. by the plaintiff may not have been usurious. It is entirely consistent with all that has been stated, that Henright negotiated the note in a perfectly legal manner to some person, under whom the plaintiff afterwards acquired his title to it. And if he did, the purchase of it by the latter, at the rate of discount stated, would not be usurious; for a person who may have become the owner of the note upon an adequate consideration could afterwards sell it on any terms he might deem it judicious to accept. The answer in this and in other respects was entirely insufficient to present the defense of usury. (*Manning* v. *Tyler*, 21 N. Y., 567.) And as nothing but the matters already considered was contained in it, the order adjuding it to be frivolous was plainly proper. The judgment should, therefore, be affirmed.

Ingalls, P. J., and Potter, J., concurred.

Judgment affirmed.