DONOHOE v. MEEKER et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

NOTES—INDORSEMENT—ESTOPPEL.
    An indorser of a note, issued by a corporation for his benefit, is estopped to deny his liability on the ground that the note is not binding on the corporation, he guarantying by the indorsement both the validity and the payment.

Appeal from special term.
Action by Philip Donohoe against James Meeker and others. From orders for plaintiff, certain defendants appeal. Affirmed.
Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Charles F. Doyle, for appellants Geo. Campbell and John Clute.
James W. Atkinson, for respondents Stephen Bull and Frank F. Follett.

HERRICK, J. I think the judgments against James Meeker, in satisfaction of which the surplus arising from the proceeds of the foreclosure action was paid, were legal and valid judgments. Assuming that the notes given by the Meeker, Spotten & Meeker Company were invalid, and not binding upon the corporation, still it seems to me that Meeker was bound, under his indorsement of the notes issued by the corporation in exchange for the notes of Meeker, Spotten & Meeker, upon which notes the judgment debtor James Meeker was liable. The notes issued by the corporation were given for his benefit, and when he thereafter indorsed them he was estopped from asserting their invalidity, or denying his liability thereon as an indorser. By his indorsement he guarantied the validity of those notes, as well as their payment. Shaw v. Outwater, 77 Hun, 87, 28 N. Y. Supp. 312, and cases cited; Bank v. Jarvis, 20 N. Y. 226; Morford v. Davis, 28 N. Y. 481; Turnbull v. Bowyer, 40 N. Y. 456; White v. Bank, 64 N. Y. 316. And he would have no de-

fense to actions brought against him as an indorser upon such notes, and the judgments recovered thereon are legal and valid judgments.

The orders appealed from should be affirmed, with $10 costs and disbursements. All concur.