## Boyd and another *v.* Cummings and another.

A promissory note was indorsed for the accommodation of the maker, and was transferred by him before maturity to a judgment creditor as security for the payment of his judgment, and in consideration of the discontinuance of proceedings supplementary to execution then pending against the maker; *Held*, that such discontinuance made the creditor a holder for valuable consideration, and that not having notice of any restriction imposed upon the maker as to the use to be made of the note, he could recover against the indorser.

APPEAL from the Supreme Court. Action upon a promissory note against the maker and indorser. The indorser alone answered the complaint. The trial was at the New-York circuit, before Mr. Justice MITCHELL, without a jury. The making and indorsement of the note, and the due presentment and protest thereof when it became due, were admitted by the defendant, and the note was read, being for $850, dated April 6th, 1852, payable twelve months after date, to the order of Cummings, with interest, made by Mackay and indorsed by Cummings. It was also admitted that the plaintiffs received the note from the defendant Mackay, who negotiated the same to the plaintiffs. It was then proved by Lambert Norton that he presented the note to the defendant Cummings a short time after its date in April, 1852, when that defendant said the indorsement was his; that the note was good, and that it was the last note he would indorse for Mackay. The plaintiffs rested, and a motion for a nonsuit was made on the part of the defendant on the ground that the plaintiffs, having received the note from the maker, took no better title than he had; and as the maker could have no action against the indorser on the note, the plaintiffs could not without showing more than they had done. The motion was denied by the court, and an exception taken.

The defendant then called Mackay as a witness. who tes-

tified that he procured the indorsement of the note by Cummings; that Cummings did not owe him at the time; that when he applied for the indorsement he told Cummings that with a portion of the note he wanted to pay the plaintiffs for some empty beer-barrels, and the rest he wanted for various uses in his business.  On cross-examination he testified that at the time the note was given the plaintiffs had a judgment against him ; that there had been an order for his examination under the execution ; that he did not know an order for an attachment against him had been made, but the plaintiffs' attorney told him one had been ; that the witness paid the note to the plaintiffs or their attorney.  The witness further testified that he did not know that he ever told the plaintiffs or their attorney the circumstances under which he obtained the indorsement of the note.  The defendant then gave in evidence two receipts signed by plaintiffs' attorney, one for the note in question, with other notes, dated May 10th, 1852, acknowledging the receipt, April 22d, 1852, of the notes, and containing this statement:

" The said notes being given to secure a judgment obtained by John S. and David J. Boyd against Patrick Mackay. These notes are to be applied in satisfaction of said judgment as fast as they mature and are paid, and are not to be transferred or negotiated without notice thereof being given to said Mackay in writing by the plaintiffs (the Messrs. Boyd), to whom the said notes are delivered."

The other receipt was signed by the plaintiffs' attorney, and acknowledged the receipt, May 10th, 1852, from Mackay of $20, in full for costs in suit in *Boyd* v. *Mackay*, and on supplementary proceedings.

The defendant's counsel here rested, and " the court decided and found that the plaintiffs were entitled to recover of the defendant Cummings the sum of $403.49, being the amount of the notes and interest."  An exception was taken by Cummings to the decision, and an appeal was brought by him from the judgment thereon to the court at general term

in the first district, where the judgment was affirmed. The defendant Cummings appealed to this court. The cause was submitted on printed points.

*B. D. Silliman*, for the appellant.

*William Norton*, for the respondent.

STRONG, J. When the motion for a nonsuit was made, the proofs were wholly insufficient to impeach the *prima facie* consideration of the note, or of its transfer to the plaintiffs. It appears that the note was indorsed for the maker, and that the maker negotiated it, but on what terms it was indorsed or negotiated there was no evidence. The motion was therefore properly overruled.

In regard to the decision on the whole evidence, the facts are that the plaintiffs held a valid judgment against Mackay for the collection of which proceedings against him supplementary to execution were pending; that the note in question was made by Mackay, and indorsed by the defendant for his accommodation, upon the representation of Mackay that he wanted to pay part of the amount to the plaintiffs for barrels, and use the rest in his business; that Mackay delivered the note to the plaintiffs, who received it under an agreement that it should be held as security for the judgment, and that the supplementary proceedings should be discontinued, and that thereupon those proceedings were discontinued. Upon these facts it is clear that the plaintiffs took the note *bona fide*, and for value. The discontinuance of the supplementary proceedings was ample consideration for the transfer to them. ( *Story on Cont.*, §§ 435–442; *Seaman* v. *Scaman*, 12 *Wend.*, 382.)

It does not appear that any restriction was imposed upon the maker by the indorser in regard to the use to be made of the note; if there had been the plaintiffs having no notice of it, their rights would not be affected by it.

(*Seneca County Bank* v. *Neass*, 3 *Comst.*, 442; *Wardell* v. *Howell*, 9 *Wend.*, 170; *Small* v. *Gavit*, 1 *Denio*, 183.)

All the judges concurring,

Judgment affirmed.