SAWYER and others *vs.* CHAMBERS and others.

As between the original parties to a promissory note, a defense of a total or a partial failure of consideration is admissible.

So in an action by the indorsees, against the indorsers, evidence to show that the whole consideration of the note, or the greater part of it, has failed; that the note was given on account of goods which the plaintiffs had agreed to sell the makers; that only a small portion of such goods have been delivered; and that the amounts so delivered have been paid for, is admissible.

An accommodation indorser has a right to set up any defense of which the maker could avail himself.

If the judge excludes the whole defense, on the opening of the counsel, on the ground that the matters proposed to be proved do not constitute any defense, one exception, to the decision, is good. It is not necessary for the defendants' counsel to repeat the statements again, and to take a separate ruling on each.

APPEAL from a judgment entered at a special term in an action upon a promissory note, brought by Henry S. Sawyer and others, as indorsees, against Thomas Chambers, Morris J. Earl, and Robert S. Buchanan, defendants, as indorsers. The issue came on for trial before Hon. WM. J. BACON and a jury, on the 26th day of June, 1861. Upon such trial the plaintiffs read as evidence in their behalf a promissory note, of which the following is a copy:

"OFFICE OF THE U. S. VULCANIZED  ⎱
GUTTA PERCHA BELTING AND PACKING Co. ⎰

$6000.                    *New York, Sept. 9, 1858.*

Four months after date, we promise to pay to the order of Morris J. Earl, six thousand dollars at the Bank of the Republic, for value received.

(Signed)        THOMAS CHAMBERS, *Pres't.*
S. W. BYRON, *Treasurer.*"

(Indorsed successively — "Morris J. Earl, Thos. Chambers, and R. S. Buchanan.")

The plaintiffs proved the execution of the note and the amount of interest, and rested. The defendants opened their

defense, and being requested by the plaintiffs' counsel, stated that they intended to prove that the note in suit was indorsed by the defendants for the Gutta Percha Company, upon the condition that the plaintiffs would perform and carry out an agreement made between them and the company to deliver to the company cotton duck at a certain price, for which the company was to give satisfactory paper.   That agreement was as follows :

"Agreement made this 28th day of July, 1858, by and between Messrs. Sawyer, Tincker & Co. of the first part, and the United States Vulcanized Gutta Percha Belting and Packing Company, of the second part, as follows :   The said party of the first part agrees to furnish and deliver to said party of the second part, eighteen bolts per week of 43 inch cotton duck, weighing about 2 lbs. to the yard, and measuring from 65 to 75 yards, to be equal in quality and manufacture to the sample this day furnished, on the following terms and conditions, viz :   thirteen cents per pound, with the cost of the cotton added, which is to be furnished by the said party of the first part on the best terms for cash, and the bills of the same to be rendered to said party of the second part, who are to give the said party of the first part in payment for the same satisfactory paper at six months, or cash at five per cent discount.   This agreement to continue for a period of one year.

Witness our hands and seals of this company, the day and year aforesaid.

(Signed)                    SAWYER, TINCKER & Co.
U. S. Vulcanized Gutta Percha Belting and Packing
Company, by Thomas Chambers, Pres't."

That the plaintiffs did not perform their agreement, and thereby prevented the company from paying the note.   That the contract was the sole consideration for the note in suit. That the note was given for cotton duck so sold and to be sold to the company ; that only duck to the value of $3195.19 had been delivered ; and that the company had paid the

plaintiffs on account of the duck so delivered a sum of money exceeding the contract price thereof.

The court refused to permit the defendants to prove such matters, and directed a verdict for the plaintiffs; to which ruling the defendants excepted. The jury found a verdict for the plaintiffs for the sum of $7031.34. For which sum, with costs, judgment was entered, and the defendants appealed.

*Mr. Abbett,* for the appellants.

*R. M. Harrington,* for the respondents.

*By the Court,* INGRAHAM, P. J. The defense set up in this case must be considered as sufficiently alleged in the answer, as the answer was amended by the court, to embrace the facts so stated.

Whether this is to be considered an offer to show a total or partial failure of consideration between the plaintiffs and the makers, is immaterial. Between the original parties such a defense is admissible. The offer was to show that the whole consideration of the note, or the greater part of it, had failed; that the note was given on account of the goods, which the plaintiffs had agreed to sell to the company; that only a small portion of such goods had been delivered; and that the amounts so delivered had been actually paid for. I am at a loss to see any ground on which this evidence could be excluded. Surely, an accommodation indorser is in no worse condition than the maker. He has a right to any defense which the maker could avail himself of. If the makers had been sued upon the note, they could have shown that the note was given on account of goods to be delivered, and that such goods had never been received. The plaintiffs, under such proof, would have no claim against the defendants, as the note would be without consideration. So long as the courts permit the consideration of a note to be inquired into, under any circumstances, the facts presented in the defend-

ants' offers must come within such a rule. The plaintiffs have no right to recover on this note, from any of the parties, any thing more than enough to indemnify them for the duck sold or thereafter delivered to the company ; and the defense that no such amount of duck had ever been delivered should not have been excluded.

The plaintiffs' counsel has urged to us that a partial failure of consideration can not be given in evidence to defeat a recovery upon a note, and cites 17 *N. Y. Rep.* 101, and *Id.* 230, and other cases. Both of these cases were on notes held by *bona fide* holders to whom the same had been transferred after the contract was made, and who had no knowledge thereof. I know of no such rule as applicable to the original parties, unless the strict rule is applied which prevents the admission of parol evidence to vary written contracts. This rule has not been applied to proof of the consideration of a promissory note.

Another objection of the plaintiffs is, that the exception is too general, and, although part of the defendant's offer was good, still he excepted to the conclusion of the court upon the whole defense, instead of making specific exceptions. All the cases cited by the plaintiff in support of this point were cases of exceptions to the whole of the judge's charge. But that is not this case. The defendant opened his defense to the jury, and the judge ruled that he had · no defense ; to which the defendant excepted. There was but one question, viz : whether in the matters stated the defendant had stated a defense. If he had, the judge erred in excluding it. It was not necessary for the defendant's counsel to repeat the statements again, and to take a separate ruling on each. The probability is, that separately, each of the propositions might have been insufficient, and that it was only by grouping them together that the defense could be made out. The purpose for which the note was given, the non-payment of the consideration either in property or money, the failure to perform by delivering the goods, and knowledge on the part of the

holders, were all necessary to be shown to make out the defense; and all the matters offered were necessary for that purpose. But whether so or not, the rule relied on by the plaintiffs' counsel does not apply to a case where the judge excludes the defense on the opening of the counsel. There the question is whether in what is offered there is any defense; and if the judge excludes the whole defense, one exception thereto is good.

Judgment should be reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Geo. G. Barnard,* Justices.]