BOOKSTAVER *et al.* v. GLENNY *et al.*, appellants.

*Evidence — failure of consideration — former judgment — execution and levy in bar — burden of proof.*

In an action upon a promissory note against maker and indorser, the answer set up that the note was given upon a parol agreement on the part of plaintiff to discontinue a suit against the maker upon his giving indorsed notes for the claim in suit, and that after accepting these notes plaintiff continued the suit to judgment and execution. *Held,* a complete defense and the exclusion of evidence in support of the same, error.

The answer also set up that the sheriff had, under the execution issued in the action first instituted, levied upon property enough to satisfy such execution. *Held,* that it was upon the plaintiff to show that the levy was not a satisfaction of the execution, and the exclusion of proof of such levy was error.

APPEAL from a judgment in favor of the plaintiffs, William Bookstaver and others, against the defendants Simeon Glenny and William Glenny, entered upon a verdict directed by the court at the Chautauqua circuit September 10, 1873, for $2,038.18. The material facts appear in the opinion.

*Wm. L. Jones,* for appellant. The court erred in not allowing the agreement under which the note was given to be shown. *Hill* v. *Bannister,* 8 Cow. 31; *Rochester* v. *Taylor,* 23 Barb. 18; *Sherman*

v. *White,* How. Cas. 29–39, note; *Miller* v. *Bitz,* 3 E. D. Smith, 253; *Miller* v. *Gambie,* 4 Barb. 146; *Johnson* v. *Hathorn,* 3 Keyes, 126; *Petry* v. *Christy,* 19 Johns. 53; *Slade* v. *Halsted,* 7 Cow. 322; *Hutchins* v. *Hebbard,* 34 N. Y. 24; *Barker* v. *Bradley,* 42 id. 316; *Sawyer* v. *Chambers,* 44 Barb. 42; *Schoonmaker* v. *Roosa,* 17 Johns. 301; *People* v. *Howell,* 4 id. 296; *Frisbee* v. *Hoffnagle,* 11 id. 50; *Sawyer* v. *Chambers,* 44 Barb. 42; *Witbeck* v. *Waine,* 16 N. Y. 532; *McKinster* v. *Babcock,* 26 id. 378; *Develin* v. *Coleman,* 50 id. 531.

*John Ganson,* for respondents, cited *Bellows* v. *Folsom,* 2 Rob. 138; *Freligh* v. *Platt,* 5 Cow. 495.

E. DARWIN SMITH, J. The circuit judge, we think, erred in excluding the defendant from giving evidence in proof of his first answer.

This action was brought upon a promissory note, as stated in the complaint, made by William Glenny and indorsed by the defendant, Simeon Glenny, for $2,000, dated March 1, 1873, and payable three months from date. The defendant's answer set up, and at the circuit he proposed to prove, that on the 8th of February, 1873, William Glenny, the maker of said note, was a merchant, engaged in business at Dunkirk, and was indebted to the plaintiffs in the sum of $5,137.07, for which the plaintiffs had commenced an action in the supreme court; that the plaintiffs agreed with said Glenny that if he would give them satisfactory indorsed paper for $6,000 to cover such indebtedness, they would discontinue said suit and give him time for the payment thereof, and lend him other money and renew said indorsed paper as it came due; that said Glenny did procure and deliver to the said plaintiffs such indorsed paper as agreed, and the same was accepted by the plaintiffs, and that the note in suit was part of said $6,000; that said plaintiffs did not discontinue said suit, but proceeded to judgment upon it, and issued execution and levied same upon the goods of said Glenny before the maturity of said note; and that the defendant, Simeon Glenny, indorsed said note in pursuance of and in reliance upon the said agreement, of which he was fully informed.

Proof of these facts was clearly admissible. A party may always, as between the original parties to a promissory note, prove the consideration of the note and the contemporary facts attending the

making and delivery of such note, and any agreement relating to the making, drawing or indorsing of the same which are consistent with the instrument, and which tend to establish that it has been diverted from or failed, for any reason, to accomplish the object for which it was made, or to establish any other defense. Parsons on Bills, 518, 525; *Devlin* v. *Coleman*, 50 N. Y. 531; *Sawyer* v. *Chambers*, 44 Barb. 45.

The facts offered to be proved under this answer tended to establish that the making and giving of this note, with the others made by the defendants and delivered to the plaintiffs to the amount of $6,000, had entirely failed to answer the end and object for which they were made and delivered, and that the plaintiff, having failed to discontinue the suit for the debt for which it was in part given, and proceeded before the maturity of said note to enforce said debt by proceedings at law in said action previously commenced, had acquired no title to said note, and had no right to enforce it for any purpose.

Proof of these facts could not be excluded on the ground that they tended to contradict the notes. They did not tend to establish any such fact, but to show that the plaintiffs, if they had not obtained them with a fraudulent design, were seeking to use them fraudulently, after they elected not to discontinue their suit and to proceed to collect their debt at law. They had no right to proceed with such action and hold the notes also as valid notes. They were given to extend the time for the payment of the debt and stop such suit, and the plaintiffs' right, upon the allegations of the answer which the defendants sought to prove, to enforce payment of such debt by action was absolutely suspended during the time these notes had to run.

The purpose for which this note was given, according to the allegations of this answer, had entirely failed and been defeated by the acts of the plaintiffs, and certainly they could not hold their notes and enforce them after they had thus elected to abandon and disregard the agreement upon which they were made and received. *Devlin* v. *Coleman, supra.*

The facts sets up in the defendants' first answer were a complete defense in the actions if established.

The defendants, also, were entitled to prove their second answer. This answer alleges that upon a judgment recovered by the plaintiffs for the same debt, against the said William Glenny, the sheriff

of Chautauqua county, by virtue of an execution issued on said judgment before the commencement of this suit, had levied on the goods and property of the said William Glenny, more than enough to satisfy said judgment, which said judgment was and is satisfied and discharged.

The levy upon execution of sufficient property of the judgment debtor to satisfy the judgment is presumptively a satisfaction as Judge Cowan says, in *Green* v. *Burke*, 23 Wend. 490, where he discusses the question most elaborately: " *Prima facie* then the debt was or might be satisfied by the levy;" and in another place, " What then does the rule amount to ? Merely that the levy is a satisfaction *sub modo*." The levy is not conclusively a satisfaction, but the onus is, I think, upon the plaintiff in the execution to show or explain why it is not or why it failed to secure and effect full satisfaction.

It was error to exclude proof of the levy under the answer.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*