JAMES F. DALRYMPLE, Respondent, *v.* JOSEPH HILLENBRAND, Appellant.

<span>62   5<br>.119   366</span>

One who indorses a promissory note, purporting to be executed by a copartnership, thereby impliedly contracts that the note was made by the firm in whose name it is executed, and he cannot dispute the fact in an action upon his indorsement.

The giving of an indorsed note simply by a bankrupt to a creditor is not a fraudulent preference within the meaning of the bankrupt act, as the advantage secured by the creditor is not out of the bankrupt's estate.

Upon appeal from a judgment against an accommodation indorser, upon a note given by a bankrupt firm to a creditor, it was urged that the note was used by the creditor in violation of a condition imposed by the defendant, and also that it was given under a secret agreement in fraud of a compromise made with other creditors. *Held*, that the objections were not tenable: 1st. Because the defences were not

pleaded. 2d. They were not available as against a *bona fide* purchaser before maturity, in which position plaintiff stood.

Where, in an action upon negotiable paper, the plaintiff appears as a purchaser for full value before maturity, the burden of proving that he had notice of any fraud on the part of, or unauthorized use of the paper by the original holder, is upon the defendant.

(Argued April 19, 1875; decided April 27, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 2 Hun, 488; 5 T. & C., 57.)

This action was against defendant as an indorser of a promissory note, alleged to have been made by the firm of "Altenbrand Bros.," dated April 24, 1872, for $1,000, payable twelve months from date, and delivered to the firm of "Chamberlain Bros.," and sold and transferred by them before maturity to plaintiff. The answer denied that the alleged makers of the note were partners, and alleged that they had been prior to the making of the note partners, but had been adjudicated bankrupts; that the note was made for their accommodation without consideration to defendant and to evade the bankrupt act and to induce Chamberlain Bros. to forbear opposing an application for their discharge.

The referee found the making of the note as alleged in complaint, the indorsement thereof by defendant at the request of the makers, the delivery to Chamberlain Bros. and the transfer by them for value, before maturity, to plaintiff. Also, that in December, 1871, the firm of Altenbrand Bros. were insolvent, and called a meeting of their creditors, at which the agent and attorney in fact of Chamberlain Bros. attended; that the creditors of said firm of Altenbrand Bros. appointed a committee to examine the affairs of said firm, of which committee said agent was a member and chairman, and as such reported that the assets of the firm would not pay more than twenty-five cents on

the dollar of their indebtedness, and recommended the creditors to accept that sum, and release the firm, but that such recommendation was not until after the note in suit was given, and was not, so far as appeared upon the trial, made with the knowledge or approval of Chamberlain Bros. That on the 15th day of January, 1872, a petition was filed in the United States District Court, by creditors of said firm, to have the members thereof declared bankrupts, and on the 16th day of February, 1872, under said proceedings they were declared and adjudged bankrupts. That said Chamberlain Bros. and their agents knew of the alleged insolvency and bankruptcy prior to the making of said note, and that said Altenbrands were, in fact, adjudicated such bankrupts at the instigation of said Chamberlain Bros. and their agent. That the consideration of said note was a past due indebtedness of said Altenbrand Bros. to said Chamberlain Bros. That the claim of Chamberlain Bros. against the makers was, at the delivery of this note, transferred to the defendant. That defendant indorsed said note, upon the express understanding that he was not to be liable on said note as such indorser, unless said Altenbrand Bros. effected a compromise with all of their creditors, but that such understanding was solely between the defendant and the Altenbrands, and was never communicated to Chamberlain Bros. or their agents.

As conclusion of law the referee found that the plaintiff was entitled to judgment for the amount of the note, which was rendered accordingly. Defendant's counsel requested the referee to find, among other things, that the note was made and delivered for the purpose of enabling Altenbrand Bros. to evade the bankrupt act and with the intent to give Chamberlain Bros. a preference over other creditors and to induce them to forbear opposing their discharge. This the referee refused to find. Further facts appear in the opinion.

*D. Noble Rowan* for the appellant. Plaintiff, in order to recover, was bound to prove the existence of the copartner-

ship at the time the note in suit was made. (*Anable* v. *Conklin*, 25 N. Y., 473; *McGregor* v. *Curtiss*, 5 Wend., 474; *Rome Ex. Bank* v. *Eames*, 1 Keyes, 588; *Wright* v. *Delafield*, 25 N. Y., 266.) The bankruptcy of one of the partners worked a dissolution of the firm. (*Griswold* v. *Waddington*, 15 J. R., 57; affirmed, 16 id., 438; *In re Norcross*, 1 N. Y. Leg. Obs., 100.) The note in suit and contract of indorsement were void under the provisions of the bankruptcy act of 1867. (14 U. S. Stat. at Large, 517, §§ 2, 3, 29, 35; *Bell* v. *Leggett*, 7 N. Y., 176; Bump's Bktcy Law, 466, 467; *Conderman* v. *Hicks*, 3 Lans., 108.) The fact that plaintiff was a *bona fide* holder for value, without knowledge, would not benefit him or enable him to recover. (*Wiggins* v. *Bush*, 12 J. R., 306; *Tuxbury* v. *Miller*, 19 id., 311; *Bean* v. *Amsink*, 8 N. Bk. R., 228; *Sawyer* v. *Chambers*, 44 Barb. 42.) The note having been given to induce the creditor to sign a compromise and thereby gain a preference over other creditors was void. (*Payne* v. *Eden*, 3 Cai. Cas., 213; *Townsend* v. *Newell*, 22 How. Pr., 164; *Higgins* v. *Mayer*, 10 id., 364; 12 J. R., 309; 4 id., 410; 19 id., 311; 2 id., 386; 3 Cai. Cas., 213; 1 P. Wms., 768; 4 East, 372; *Bliss* v. *Matterson*, 45 N. Y., 22, 25; *Carroll* v. *Shields*, 4 E. D. S., 466; 36 N. Y., 129; *Beach* v. *Allendorf*, 1 Hilt., 41; *Higgins* v. *Mayer*, 10 How., 363.)

*Samuel Hand* for the respondent. The indorsement of the note by defendant was a guaranty by him that the signature of the makers was genuine and that they had power to bind themselves by their contract. (Story on Prom. Notes [3d. ed.], 157; Edwds. on Bills, 289; Byles on Bills, 148; *Ogden* v. *Blydenburgh*, 1 Hilt., 184; *Erwin* v. *Downs*, 15 N. Y., 575; *McKnight* v. *Wheeler*, 6 Hill, 492; *Morford* v. *Davis*, 28 N. Y., 481; *Devlin* v. *Bradley*, 36 id., 531, 533; *Del. Bk.* v. *Jarvis*, 20 id., 226; *Magee* v. *Badger*, 30 Barb., 246; affirmed, 34 N. Y., 247.) Defendant could not set up the defence that the note was illegal in its inception. (*Turnbull* v. *Bowyer*, 40 N. Y., 456; *Remsen* v. *Graves*, 41

id., 471; *Brockwell* v. *Charles*, 2 Hill, 499; 5 Seld., 241.)
There was no violation of the bankrupt act on the part of
Chamberlain Bros. (Gazzan on B'kruptcy, 107; *In re Mur-
dock*, B'k R., 36.) Defendant could not show any other
agreement than that of the indorsement, or contradict the
consideration as against a *bona fide* holder before due. (*Bk.
of Albion* v. *Smyth*, 27 Barb., 479; *James* v. *Chalmers*,
2 Seld., 209; *Seely* v. *Hunchford*, 2 Hill, 80; *Peacock* v.
*Rhodes*, Doug., 633.)

ANDREWS, J. Assuming that the adjudication in bank-
ruptcy operated as a dissolution of the firm of Altenbrand
Bros., and that thereafter no authority was given by Louis
to Henry Altenbrand to execute the note in suit in the name
of the firm, the finding of the referee that the note was
made by the firm cannot be supported. But this finding was
immaterial, and does not affect the right of the plaintiff to
recover. The defendant, by indorsing the note, impliedly
contracted that it was made by the copartnership firm in
whose name it was executed, and he cannot deny the fact
when sued upon the indorsement. (*Erwin* v. *Downs*, 15
N. Y., 575; *Remsen* v. *Graves*, 41 id., 471; *Turnbull* v.
*Bowyer*, 40 id., 456.)

The principal question made upon this appeal is, that the
note is void by force of section 83 of the bankrupt act of
March 2, 1867. That section declares that " any contract,
covenant or security made or given by a bankrupt, or other
person, with or in trust for any creditor for securing the pay-
ment of any money, as a consideration for or with intent to
induce the creditor to forbear opposing the application for
discharge of the bankrupt, shall be void." The referee finds
that the defendant indorsed the note at the request of the
makers, who delivered it to Chamberlain Bros., and that it
was by that firm transferred to the plaintiff for value before
due.

Altenbrand Bros. were indebted to Chamberlain Bros. for
malt purchased in December, 1871, and on the 16th day of

February, 1872, Altenbrand Bros. were adjudged bankrupts in proceedings taken on the petition of other creditors of the firm, filed January 15, 1872. When the note in question was given, the proceedings in bankruptcy were pending. If the note was given upon the consideration, or with the intent specified in the section of the bankrupt act referred to, it was void in the hands of the plaintiff, although he is a *bona fide* holder of the instrument, as no reservation or exception is made in favor of innocent holders of negotiable securities made in violation of the law. It is unnecessary to determine the question. Whether the note was given upon the consideration, or with the intent specified in this section, was a question of fact, upon which there was evidence given upon the trial, but there is no finding of the referee in respect to it. The referee was requested by the defendant to find that fact in his favor, and he refused. To this refusal there is an exception, but it is well settled that an exception to a refusal of a referee to find a fact in issue, presents no question for review in this court, unless the fact which he was requested to find was conclusively proved. (*Van Slyke* v. *Hyatt*, 46 N. Y., 260; *Lefler* v. *Field*, 47 id., 408; *Morgan* v. *Mulligan*, 50 id., 665; *Rogers* v. *Wheeler*, 52 id., 263.)

This cannot be said in respect to the fact in question. The note was given on account of the debt to Chamberlain Bros. The bankruptcy proceedings against Altenbrand Bros. were taken adversely to them by creditors, and at a time when they were endeavoring to effect a compromise of their debts. Chamberlain Bros. afterwards procured the adjudication to be made upon the petition which was filed without their privity, and there is no evidence that they sought to coerce Altenbrand Bros. to give the note in suit by refusing to sign the compromise and threatening to prosecute the proceedings in bankruptcy.

That there was any promise or intent to forbear opposing the discharge of the bankrupts is denied by the agents who acted for them, and this intention is not a necessary inference from their conduct.

The position taken that the giving by Altenbrand Bros. of their note indorsed by the defendant, for the debt to Chamberlain Bros., was a fraudulent preference within the bankrupt act, is not tenable. The law provides for an equal distribution of the estate of a bankrupt among his creditors, and an attempt to appropriate it in violation of the principle of equality among creditors, is a violation of the act. But the transaction in question was not an appropriation of the assets of Altenbrand Bros. to the use of Chamberlain Bros. They secured an advantage, because the bankrupts were willing and were able to procure the defendant's indorsement for their benefit, but it was not an advantage secured out of the estate of the bankrupt. Their assets were not diminished; there was no pledge or transfer of any part of their property, and their liabilities were not increased.

The counsel for the defendant, on the argument, insisted that the note was used by Altenbrand Bros. in violation of a condition imposed by the defendant when his indorsement was made, that a compromise should be first obtained with all their creditors, and it was also insisted that the note was given by the makers to Chamberlain Bros. upon a secret agreement in fraud of the compromise, which had been entered into by them with the other creditors. There are two answers to these positions: first, neither of these defences were pleaded; and, second, admitting the facts charged to be true, they are not available to defeat a recovery by the plaintiff, who stands upon the record as a *bona fide* purchaser of the note before maturity. It was shown, affirmatively, that he paid full value for it, and it was not shown that he had notice of the unauthorized use of the paper, or of any fraud committed by Chamberlain Bros. in respect to the compromise. The burden of proving notice was upon the defendant. (Byles on Bills, 118.)

There were exceptions taken to the rulings of the referee in admitting and rejecting evidence, many of which are unimportant in view of the disposition made of the main question in the case.

We have carefully considered them, and are of opinion that no error was committed by the referee which calls for a reversal of the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.