By the Court.—Speir, J.
The complaint alleges that the firm of Beford & Company after the endorsement of the note by the maker and by Beford & Company, delivered it to the plaintiff, who became the lawful holder and owner of the note ; and when it became due and payable it was presented for payment, and payment refused. The answer denies that the defendant delivered the note to Beford & Company, but does not deny that they delivered it to the plaintiff after it was endorsed, and before maturity. It denies the plaintiff’s ownership, and sets up that the maker delivered the note to Beford for the purpose of having it discounted; and that Beford promised and agreed with the maker to return it or the proceeds thereof to him, which he failed to do, but wrongfully converted it to his own use ; that if it was transferred to the plaintiff, it was fraudulent and void, and was received by the plaintiff with full notice that the note was the property of the defendant.
The plaintiff testified that the note was received at its maturity from Mr. Beford, of the firm of Beford & Company, for merchandise sold and delivered by him to them; that the goods were sold from time to time ; that it was an open account; that the goods were not delivered upon the note, but upon the personal *398 credit of Reford & Company, who settled their account by giving the note, which covered just the amount of the bill.
The respondent’s counsel contends that the facts show an absolute payment of an antecedent, debt, and that the plaintiff, in taking the note as a security, must be looked upon as a bona fide purchaser for value. The general rule laid down seems' to be this: that where negotiable paper is transferred for a valuable consideration, and without notice of any fraud, the right of the holder shall prevail against the true owner.
What is that valuable consideration in the rule, which shall protect the holder as against the maker of the note? Is this general rule satisfied, assuming, as counsel do, that this precedent debt has been paid by taking the note ? The authorities, I think, abundantly show that is not the rule in this state. In the leading case of Coddington v. Bay (20 Johns. 637), it was held that the holder, to be protected against latent equities, must have parted with something of value at the time the note was received, in mqney of property ; or must have incurred some responsibilty or parted with some right on the faith of the note. The holder in this case has no superior equity, because his antecedent debt was paid by his taking the note, when he made no advances nor incurred any responsibility on the credit of the paper he received. His situation is not worse, if the note be not paid at maturity, than it was before he received it. He has lost nothing, parted with nothing of value, and assumed no responsibility.
As a matter of principle, the right to hold property in any case against the owner, is an exception to the general rule of law. Commercial paper obtained from the maker and owner, without notice of want of consideration and latent existing equities, is an exception to tht general rule of law, nn6 commercial policy only permits *399 it. The reason of the rule is, that the innocent holder having sustained loss by giving credit to the paper, and paid a fair consideration, is entitled to protection. Paying an existing debt is certainly no valuable consideration. Had the plaintiff given to the party owing the debt such an obligation as would legally have discharged the debt, so that it could not be enforced, he would have parted with value, and the consideration would have been sufficient.
As it regards the indebtedness of Reford & Company to McQuade, his position was the same after as before he accepted the note. The note was valueless in the hands of his creditors, and remains so in his hands, because he gave nothing whatever -for it. His right to prosecute this firm for his claim was not at all impaired. He comes into court claiming judgment against the maker, upon this note, with the endorsement of the parties, who, according to the evidence, have fraudulently appropiated it to their own use. I see nothing to prevent his recovering on this note against these endorsers.
The rule as laid down in Coddington v. Bay has been enforced in this state up to the latest case reported, of Turner v. Treadway (53 N. Y. 650); Rosa v. Brotherson (10 Wend. 85); Young v. Lee (2 Kern. 551); Boyd v. Cummings (17 N. Y. 101).
The judgment must be reversed, with costs.
Sedgwick, J., concurred.