Ewald Fleitmann and Others, Respondents, *v.* Eugene L. Ashley and James A. Holden, Appellants, Impleaded with J. Ward Russell, Defendant.

*False representations to the maker of a note — when not a defense to accommodation indorsers.*

In an action brought upon a promissory note, allegations that the note was given to the plaintiffs for a balance of account due to the plaintiffs from a bankrupt debtor, which was assigned to the maker of the note upon the representation and warranty of the plaintiffs that the account was a valid and subsisting claim against the bankrupt, and would be provable and allowable as such in the

bankruptcy proceedings, and that the referee in bankruptcy determined that the claim was not provable because the plaintiffs had received an illegal preference, do not constitute a defense to accommodation indorsers of the note who were not parties to the alleged contract.

APPEAL by the defendants, Eugene L. Ashley and James A. Holden, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 1st day of November, 1900, upon the verdict of a jury rendered by direction of the court.

*T. W. McArthur,* for the appellants.

*Charles H. Broas,* for the respondents.

RUMSEY, J.:

This action was brought upon a promissory note dated January 15, 1900, made by one Russell to the defendants James A. Holden and Eugene L. Ashley, and by them indorsed for the accommodation of Russell and delivered to the plaintiffs. Russell, although a nominal defendant, was not served and did not appear. The indorsers alone defend. Although they answer separately the defense of each is substantially the same, and is to the effect that the note was given for a balance of account due to the plaintiffs from the Glens Falls Umbrella Company, which was sold to Russell upon the representation and warranty that the account would be a valid and subsisting claim against the Glens Falls Umbrella Company, a bankrupt, and provable and allowable as such in said bankruptcy proceedings; that at the time of the delivery of the note the account was assigned to Russell by the plaintiffs by a writing under their hands and seals, and that was the only consideration for the making of the note. The answers then allege that on the 4th of January, 1900, which was before the making of the note, an involuntary proceeding in bankruptcy had been begun against the Glens Falls Umbrella Company; that it was adjudged a bankrupt on the 12th of February, 1900; that Russell endeavored to prove the claim which had been assigned to him against the estate, but the account was objected to by certain creditors because it appeared that within less than four months from the time the proceedings had been commenced an illegal preference had been received by the plaintiffs, in

·that a part payment of the claim had been made to them amounting to about $1,400. This objection was sustained by the referee in bankruptcy, he holding that the account was not provable, " thereby," as was alleged in the answers, " leaving said note wholly and entirely without consideration."

At the trial the defendants claimed and were awarded the affirmative of the issue. It necessarily followed that the plaintiffs were entitled to recover upon the note unless the defendants established the affirmative defense alleged in the answers. They proved the assignment of the account to Russell; that the Glens Falls Umbrella Company had been adjudged a bankrupt; that the assignee had attempted to prove the account as a claim against the corporation, and that he was not permitted to do so for the reason that the assignors had received an illegal preference as alleged in the answers. Various questions were asked, the answers to which were excluded. It is claimed that if the evidence thus asked for had been admitted it would have tended to prove the making to Russell by the plaintiffs of the representations set up in the answers, and the contract of warranty between the sellers and the purchaser of the account to the effect mentioned in the answers of the defendants.

It is not necessary, in the view we have taken of the case, to consider the question whether this evidence was properly excluded or not. It may be conceded for these purposes that if the evidence had been received it would have proved substantially the facts alleged in the answers, but in our judgment those facts, if they had been proved, would not have constituted a defense on the part of the indorsers against the note.

The same point has been substantially decided in the case of *Gillespie* v. *Torrance* (25 N. Y. 306). In that case the accommodation indorser of a promissory note had been sued upon the note; the note had been given as the purchase price of certain goods; the indorser set up a breach of warranty as to the quality of the goods, and relied upon that to establish in his own behalf a defense of a failure of consideration. It will be seen, therefore, that the precise question presented there is presented in this case. In that case, as in this, there was no counterclaim, but a breach of the contract of warranty between the purchaser of the chattels, who was the maker of the note,

and the seller, who was the holder of the note, which was relied upon as establishing a failure of the consideration for the note of which the indorser might have the benefit. The court held that such a defense was personal to the purchaser, the maker of the note, and that it could not be relied upon by the accommodation indorser. That case has been uniformly followed in this State. In *Lasher* v. *Williamson* (55 N. Y. 619) the same question was again presented and was decided the same way upon the authority of *Gillespie* v. *Torrance.* In the case of *Bookstaver* v. *Jayne* (60 N. Y. 146) the action was upon a promissory note against an indorser, and the defendant set up as a defense that he had indorsed it as security for the debt due from the maker to the plaintiff upon an agreement of the latter to discontinue a suit brought by him for the recovery of the debt, and that in violation of that agreement plaintiff thereafter proceeded to judgment and execution and caused a levy to be made upon the goods of the maker, thereby destroying his credit, causing his failure and depriving him of the opportunity of eventually paying the note. It was held that the answer set up a good defense, but the holding was upon the express ground that the contract for the extension of time, the breach of which was relied upon as a failure of consideration of the note, was made by the plaintiff with the indorser, and that the note was given for the specific purpose of inducing the plaintiff to carry this contract into effect. The case of *Gillespie* v. *Torrance* was distinguished upon the ground that in that case the contract was not with the indorser, but was an independent contract of warranty, and that no one but the purchaser could take advantage of it. In this case, as in *Gillespie* v. *Torrance,* the allegations of the answers are expressly that the alleged contract was made between the plaintiffs and the maker of the note, and there is no claim or suggestion that the indorsers were in any way parties to it except as they became liable upon the note because they indorsed it for the accommodation of the maker. For these reasons the action of the court below was correct and the judgment must be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Judgment affirmed, with costs.