BENDER v. BAHR TRUCKING CO. et al.

(Supreme Court, Appellate Division, Second Department.  May 26, 1911.)

1. BILLS AND NOTES (§ 496*)—INDORSEMENT BEFORE DELIVERY—BURDEN OF PROOF.

Under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 114, providing that a person, not otherwise a party to a negotiable instrument, who places his signature in blank thereon before delivery, is liable as an indorser, if the instrument be payable to the order of a third person, altering the prior rule that such a person was presumably a second indorser and not liable to the payee, it must be alleged and proved, to hold such an indorser, that the instrument was indorsed before delivery; and hence the burden of proving such fact is upon the one seeking to hold this indorser.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 496.*]

2. BILLS AND NOTES (§ 514*)—EVIDENCE—ADMISSIBILITY.

In an action against the indorser of a negotiable note, who was the wife of a stockholder in the corporation which made the note, evidence was properly admitted that the note was given for the purchase price of certain horses on which plaintiff held a chattel mortgage, which was subsequently foreclosed.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 514.*]

3. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in the admission of a mortgage in evidence was harmless, where evidence of its foreclosure was given without objection.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1051.*]

4. APPEAL AND ERROR (§ 259*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—EXCEPTIONS—NECESSITY.

Where the jury returned for further instructions, and the trial court said to the respective counsel that he desired no further requests in the presence of the jury, and the counsel made no requests nor took any exceptions to the court's statement, neither can complain of the conduct of the trial court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 259.*]

5. APPEAL AND ERROR (§ 259*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—EXCEPTIONS—NECESSITY—EXCUSES.

In such case the statement by the trial court was not sufficient to overawe counsel, and so coerce them that their failure to except will be excused.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 259.*]

Appeal from Trial Term, Kings County.

Action by Simon Bender against the Bahr Trucking Company and Agatha Bahr. From a judgment for defendant Agatha Bahr, and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Herman Joerg, for appellant.
James A. Sheehan, for respondent Agatha Bahr.

CARR, J.  The plaintiff sued on three promissory notes, for $1,000 each, made by the Bahr Trucking Company to the order of the plaintiff, and which were indorsed by the defendant Agatha Bahr.  The

---

* For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint alleges that each of the notes were so indorsed by the defendant Agatha Bahr before their delivery, and for the purpose of giving credit to the instruments. The defendant Agatha Bahr in her answer denied that the notes were indorsed by her before delivery, and alleged that they were indorsed by her after delivery at the request of the plaintiff, to enable him to have them discounted at a bank, and without any consideration for the indorsement. The plaintiff gave proofs tending to establish an indorsement by the defendant before delivery to him of the notes. The defendant met this with proofs tending to show that the notes were indorsed by her at the plaintiff's request some months after the delivery of the notes. The trial court sent the issues to the jury, with instructions that, if they found that the notes had been indorsed by Agatha Bahr before their delivery to the plaintiff, they should find a verdict for the plaintiff for the amounts thereof, with interest, less a certain sum credited thereon by the plaintiff. If, however, they found that the notes were indorsed after delivery, under the circumstances testified to by the defendant, then they should find a verdict for the defendant. The jury found a verdict for the defendant, and from the judgment entered thereon, as well as from an order denying plaintiff's motion for a new trial, this appeal was taken.

[1] The appellant specifies several alleged errors by the trial court as causes for a reversal of the judgment. The first of these rulings arose as follows: The counsel for the plaintiff requested the court to charge:

"That the defendant Agatha Bahr must prove by a fair preponderance of evidence that she indorsed these notes for the benefit of the plaintiff."

To which the court replied:

"I think, on your pleadings, the burden of proof is on you."

To this the plaintiff excepted.

The appellant contends that, under section 114 of the negotiable instruments law, a legal presumption arose against the defendant that she intended to become liable to the payee of the notes as a first indorser. This section of the negotiable instruments law provides as follows:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules: 1. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties." (Then follow other rules not here involved.)

It will be noted that, in order to give this section of the negotiable instruments law application, the signature of the party sought to be charged must have been placed on the instrument in blank before delivery thereof. Before the enactment of this statute the rule was as follows:

"It was well settled in this state for many years prior to the enactment of the negotiable instruments law that a person who puts his name on the back of a bill or note before its delivery is presumably a second indorser and not liable to the payee; but the presumption could be rebutted by parol evidence to show that the intention of the indorser was to become surety for

some prior party to the instrument." Haddock, Blanchard & Co. v. Haddock, 192 N. Y. 499, 507, 85 N. E. 682, 19 L. R. A. (N. S.) 136, and cases cited.

Therefore, to take advantage of section 114 of the negotiable instruments law, it must be alleged and proved that the instrument was so indorsed before its delivery, and the burden of proof as to this fact is necessarily upon the plaintiff.

In the action at bar the whole controversy at issue was whether the indorsement was made before or after the delivery of the note, and the defendant's request to charge was refused properly. If, however, an indorsement before delivery had been conceded, and the defendant sought to qualify the indorsement by proof of a collateral agreement with the payee that she should not become liable to him, then the request as to the burden of proof might have had some relevancy. Haddock, Blanchard & Co. v. Haddock, ut supra.

[2] The next claim of error is that the trial court received, over exception by the plaintiff, proof that the notes were given by the maker for the purchase price of horses upon which the plaintiff held a chattel mortgage which was foreclosed subsequently. In view of the facts appearing at the trial, the admission of this evidence was not error. The defendant Agatha Bahr was the wife of a member of the corporation which made the note, and proof of the exact circumstances attending the relations of the parties to the instrument was material to the question of the method and form of its delivery. It could serve to throw light on the conduct and intentions of the parties at the time.

[3] Furthermore, there was no objection to the evidence as to a foreclosure of the chattel mortgage; the only objection being as to its existence. We think that no error was committed on this point, or, if there be any, that it was not sufficiently harmful to justify reversal.

[4] Nor do we feel justified in interfering with the judgment because of complaints made by the appellant as to the conduct of the trial court after the jury had retired and then returned for further instructions from the court. It is complained that, when the jury returned a second time for instructions, the trial court said to the respective counsel that he desired no further requests in the presence of the jury. Counsel made none, nor took any exception to the court's statement. If they, or either of them, felt aggrieved by the court's statement, an exception should have been noted. Neither could stand by and speculate on a chance for a reversal of an adverse judgment.

[5] It is urged, however, that the trial court's statement really put the counsel in terrorem, and so coerced them that they abandoned their legal rights. The record does not present such a picture, and we cannot believe that such was the result. Nothing appears on this record to justify interference with the judgment.

The judgment and order should be affirmed, with costs. All concur.