(156 App. Div. 277.)

### FIRST BANK OF NOTASULGA v. JONES et al.

(Supreme Court, Appellate Division, First Department. April 25, 1913.)

1. PLEDGES (§ 28*)—REFUSAL OF PLEDGEE TO CHANGE FORM OF SECURITY.

A pledgee is not liable for loss of value through his refusal to accept a change of form of security; his refusal proceeding on an honest exercise of judgment.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 69–73; Dec. Dig. § 28.*]

2. BILLS AND NOTES (§ 277*)—ULTRA VIRES NOTES—LIABILITY OF INDORSER.

That a note was ultra vires the maker, to the knowledge of the indorsee, does not, in the absence of fraud in securing the indorsement, affect the liability of the indorser on his contract of indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 626; Dec. Dig. § 277.*]

Appeal from Special Term, New York County.

Action by the First Bank of Notasulga against Richard W. Jones, Jr., and others. From a judgment sustaining demurrers to defenses and counterclaims, defendants appeal. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The opinion of the court below, per Bischoff, J., is as follows:

[1] The defense and counterclaim, founded upon the plaintiff's neglect and refusal to exchange the corporate bonds held as collateral for the note in suit, and to accept substituted securities under a proposed plan of reorganization of the corporation, do not proceed upon facts sufficient to support the finding of any breach of duty upon the part of the plaintiff. A creditor holding property pledged as collateral security is bound to use reasonable care in the matter of the physical preservation of the property (Willets v. Hatch, 132 N. Y. 41, 30 N. E. 251, 17 L. R. A. 193), and this duty extends also to the preservation of the value of commercial paper in the hands of the pledgee as security, by taking the ordinary steps to charge an indorser upon default (Easton v. German Am. Bank [C. C.] 24 Fed. 523). Where there has been a loss of value through the pledgee's refusal to change the form of the security, however, the question is simply whether the refusal proceeded upon an honest exercise of judgment, and the mere fact that a loss followed the pledgee's neglect to make or accept the change upon the pledgor's request would not suffice for a case. Field v. Leavitt, 37 N. Y. Super. Ct. 215. It is apparent from the facts alleged that the election to participate in the plan of reorganization was to be exercised or withheld as a matter of business judgment, and in the absence of anything to suggest bad faith upon the plaintiff's part when exercising its judgment for the protection of its own rights in the collateral security, the matter alleged in these answers is insufficient in substance.

[2] The further defense that the note in suit was made by a business corporation, not for its own debt, but to secure the debt of another party, to the knowledge of the plaintiff, is also demurrable, when sought to be interposed by the defendants sued as indorsers. Granting that the note itself was ultra vires the corporation (10 Cyc. 1115), the new contract evidenced by the indorsement was not dependent upon the validity of the note (Daniel on Negotiable Instruments, §§ 673, 678a), in the absence of fraud upon the part of the holder whereby the indorsement had been procured (Turner v. Keller, 66 N. Y. 66; Mosher v. Carpenter, 13 Hun, 604). For the purposes of the indorser's contract, the party taking the note with the indorsement is a holder in due course, notwithstanding his knowledge that the note was not an enforceable obligation of the maker. Erwin v. Downs, 15 N. Y. 575.

Demurrers severally sustained, with costs, with leave to defendants to amend upon payment of costs within 20 days.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, and DOWLING, JJ.

Rockwood & Haldane, of New York City, for appellants.
J. M. Ryan, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Bischoff, J. Order filed.