WILLIAM SEGAR, INC., Plaintiff, *v.* 1967–1975 OCEAN AVENUE REALTY CORPORATION and Another, Defendants.

Supreme Court, Kings County, August 13, 1926.

Bills and notes — action against maker and indorser of promissory note made by defendant corporation and indorsed by its president for his accommodation — defendants' answer set up defense that plaintiff performed work and furnished materials in improper and unworkmanlike manner in accordance with agreement under which note was given — said defense proper where both maker and indorser are joined as defendants.

In an action against the maker and indorser of a promissory note, made by the defendant corporation and indorsed by its president for his accommodation, a defense, which recites the making of the note for certain work to be rendered and materials furnished by the plaintiff to the maker pursuant to an agreement and that the plaintiff performed the work in an improper and unworkmanlike manner and failed to perform the work and furnish the materials in accordance with an agreement, is properly pleaded by said indorser where both the indorser and the maker are joined as defendants, since the reasons which make improper the use by the indorser alone of the defense of breach of agreement on the part of the payee, do not apply under these circumstances.

The defense pleaded in the case herein is not one of absence or failure of consideration within the authorities. It is a defense available only to the maker, and if the indorser were sued alone there would be no defense upon the pleadings.

MOTION by payee of promissory note for judgment against indorser alone in action against both maker and the indorser.

**806** SEGAR, INC., *v.* 1967–1975 OCEAN AVENUE REALTY CORP.

Supreme Court, August, 1926. [Vol. 127

*Weissberger & Leichter* [*John L. Ketcham* of counsel], for the plaintiff.

*Harry Wylan,* for the defendants.

CROPSEY, J. The action is by the payee of a promissory note against the maker and indorser for the latter's accommodation. Both defendants answer and do not deny any of the allegations of the complaint. They allege that the note in question was made for certain work to be rendered and materials to be furnished by the plaintiff to the maker pursuant to an agreement and that the plaintiff performed the work and furnished the materials in an improper and unworkmanlike manner, and failed to perform the work and furnish the materials in accordance with the agreement. The plaintiff moves for judgment against the indorser alone. Impliedly it is conceded that the defense is good to the maker but the claim is that it is not available to the indorser.

The indorser was the president of the corporation which was the maker of the note. This fact, however, did not make him a joint maker. He is liable as indorser. (*Mechanic* v. *Elgie Iron Works, Inc.,* 98 Misc. 620.)

The defendant is an irregular indorser. His liability is prescribed in section 114 of the Negotiable Instruments Law. Prior to the enactment of that law such an indorser was not liable to the payee in the absence of proof that such was the intention of the parties. (*Haddock, Blanchard & Co.* v. *Haddock,* 192 N. Y. 499, 507.) Since that enactment and by virtue of its provisions an irregular indorser is liable to the payee unless he proves there was an agreement to the contrary. (*Wittemann* v. *Sands,* 238 N. Y. 434, 440.) But as section 114 provides that such an indorser is liable to the payee and all subsequent parties only if he placed his signature upon the note before delivery it is necessary for a plaintiff to prove that such an indorsement was so made. (*Bender* v. *Bahr Trucking Co.,* 144 App. Div. 742, 744.) The necessary allegations are found in this complaint and are not denied.

The question here involves consideration of whether defenses that a maker might have are available to his accommodation indorser. There are expressions in some of the cases to the effect that an accommodation indorser has the right to any defense which the maker might use. But this is much too broad a statement. Nor do the exceptions to that rule that are sometimes said to exist (8 C. J. 286–288, §§ 449–453) correctly present the law, as we shall see hereafter.

It is necessary to have in mind in considering the cases whether the facts showed the making of an agreement between the holder

and the indorser or merely one between the holder and the maker. If the agreement was between the holder and the indorser the latter naturally has the right to use any defense that arises out of the transaction. (*Bookstaver* v. *Jayne*, 60 N. Y. 146.) This rule seems to have been followed in *Strong* v. *Sheffield* (144 N. Y. 392). There the maker of a note was indebted to the payee to whom he gave it as security, it first having been indorsed by the defendant. The maker's debt was past due at the time, and the only consideration for the defendant's indorsement was the claim that there was an agreement by the plaintiff to forbear the collection of his debt. The proof, however, showed that there was no such agreement, and the court held there was no consideration for the indorsement, and dismissed the complaint.

Where, however, a note has been given upon an agreement of the holder with the maker, which he failed to fulfill, there is a good consideration for it and the indorser is liable, and may not plead as a defense the breach of the holder's agreement, though it would be available to the maker. This is illustrated by a number of cases. It is so held where the note was given for chattels sold to the maker with a warranty as to their quality, and the warranty was breached. (*Gillespie* v. *Torrance*, 25 N. Y. 306; *Fleitmann* v. *Ashley*, 60 App. Div. 201; affd., 172 N. Y: 628; *Veriscope Co.* v. *Brady*, 77 N. Y. Supp. 159.) In the *Gillespie Case* (*supra*) the defense alleged a failure of consideration, based on the claim of breach of the warranty, but the court said that the claim really was for damages for breach of the warranty and not a mere failure of consideration and so was not available as a defense to the indorser. The same is true where the note is given in payment of goods and the claim is that the sale was brought about by fraud. Such facts do not constitute a defense available to the indorser. (*Elliott* v. *Brady*, 192 N. Y. 221.) At page 226 the court said: " A party when sued upon his obligation cannot avail himself of an independent cause of action existing in favor of his principal against the plaintiff as a defense or counterclaim." (See to the same effect *Fleitmann* v. *Ashley*, 60 App. Div. 201; affd., 172 N. Y. 628; *Henry* v. *Daley*, 17 Hun, 210.) ' Of course, if the fraud procured the indorsement the rule is otherwise. Then it is a defense available to the indorser. (*Bookstaver* v. *Jayne, supra*.) If the note was made in consideration of the payee's agreeing with the maker to do certain things, the indorser may not defend on the ground that they were not done, such a situation being held not to amount to a failure of consideration. (*Lasher* v. *Williamson*, 55 N. Y. 619.) The contrary seems to have been held in *Sawyer* v. *Chambers* (43 Barb. 622; 44 id. 42) and *Pittsburgh, etc., Steel*

**808** SEGAR, INC., *v.* 1967–1975 OCEAN AVENUE REALTY CORP.

Supreme Court, August, 1926.                           [Vol. 127

*Co.* v. *Buckley* (19 J. & S. 342, 350), and other cases. In the *Sawyer* case the court suggested that an accommodation indorser could avail himself of any defense which might be used by the maker. In that case the note had been given for certain goods which the payee agreed to deliver to the maker. It was held that the indorser, when sued, could urge as a defense the failure of the payee to make the deliveries to the maker. Of course, in that case there was a good consideration for the note, namely, the promise of the payee to make the deliveries. When the payee failed to do so the maker acquired some rights against him, but under the other authorities it would seem that those rights were not available to the indorser.

In considering this general question it is also necessary to know whether the holder of the note is one in due course. If he is then the defenses available to the indorser are still more restricted. This is by virtue of the provisions of sections 114, 115 and 116 of the Negotiable Instruments Law. As to such a holder an indorser, including one for accommodation, warrants that the instrument is genuine and in all respects what it purports to be; that he has a good title to it; that all prior parties had capacity to contract; and that the instrument is at the time of his indorsement valid and subsisting. Therefore, in cases in which this warranty applies none of the matters covered thereby is available as a defense. So the defense of *ultra vires* which would be available to the maker may not be available to an indorser. (*First Bank of Notasulga* v. *Jones,* 156 App. Div. 277; 167 id. 929; affd., 222 N. Y. 579.) The same is true where the maker is not liable because he did not sign the note (*Lennon* v. *Grauer,* 159 N. Y. 433), or where the note was made by a corporation but was not signed by an officer having authority (*Leonard* v. *Draper,* 187 Mass. 536), or where it purported to be a firm note though not so in fact (*Dalrymple* v. *Hillenbrand,* 62 N. Y. 5, 9). Even before the enactment of the Negotiable Instruments Law the holding was the same. (*Erwin* v. *Downs,* 15 N. Y. 575.) If the accommodation indorser is a corporation it may prove the defense of *ultra vires* and then the plaintiff cannot recover without showing he is a holder for value and without notice that the defendant was an accommodation indorser. (*Abbott* v. *Le Prevost,* 166 App. Div. 40, 43.)

There seems to be an exception in the case of usury even if the holder is one in due course. There have been holdings, however, treating usury the same as other defenses and holding that in the case of an indorser it was not a defense against a holder in due course. (*Horowitz* v. *Wollowitz,* 59 Misc. 520.) That decision

went on the theory that as the plaintiff was a holder in due course, the defendant, who was the indorser, had warranted the validity of the note. Since the decision of the Court of Appeals in *Sabine* v. *Paine* (223 N. Y. 401), it would seem that the above holding could not be followed. While the *Sabine* case was against the maker of the note it was brought by a holder in due course. Notwithstanding this, the decision was that there could be no recovery. This was on the ground that the note being made void by usury (see General Business Law, § 373), it was not a negotiable instrument within the meaning of the statute. Upon this ground the decision held that section 96 of the Negotiable Instruments Law, which provides that a holder in due course holds the instrument free from any defect of title of prior parties and free from any defense available to prior parties among themselves, was not applicable. If a note that is tainted with usury is not one to which the provisions of the Negotiable Instruments Law apply, as it was held, then, of course, the fact that the action is against an indorser would make no difference. If section 96 is not to be available to a holder in due course in an action against a maker it cannot be so available in an action against an indorser. And if the whole statute does not apply then the provisions of sections 114, 115 and 116, that the instrument is genuine and in all respects what it purports to be, and that it is valid, cannot be deemed the warranties of the indorser. (See dictum in *Dalrymple* v. *Hillenbrand, supra,* 10.) The rule as to an indorser which seems to follow from the decision in the *Sabine* case is in accord with that in *National Bank* v. *Lewis* (75 N. Y. 516, 522–524).

If the maker of a note tainted with usury is a corporation a different rule applies. Then by virtue of the statute the maker may not defend on that ground. The statute has been construed as though it provided that in that event the contract was not void. (*Rosa* v. *Butterfield*, 33 N. Y. 665.) And in a suit thereon against the indorser the latter could not defend on the ground of usury. (*Stewart* v. *Bramhall*, 74 N. Y. 85; *Rockmore* v. *Epstein*, 127 Misc. 526, 528.)

Section 54 of the Negotiable Instruments Law provides: " Absence or failure of consideration is matter of defense as against any person not a holder in due course * * *." Section 55 defines an accommodation party, whether maker or indorser, and makes him liable to a holder " for value," notwithstanding the latter knew him to be only an accommodation party at the time of taking the instrument. It follows that the indorser will be liable, although he got no consideration, if in fact the holder is one for value. And the fact that the holder knew that the defendant was an accommo-

dation indorser is no defense.    (*Packard* v. *Windholz*, 88 App. Div. 365; affd., 180 N. Y. 549.)

The rule deducible from the authorities seems to be the following: The indorser may not avail himself of set-offs or counterclaims which might be used by the maker, nor may he rely upon a breach by the holder of an agreement made with the maker and forming the consideration for the note, nor may he defend against a holder in due course in opposition to the warranties stated in sections 114, 115 and 116 of the Negotiable Instruments Law, except in the case of usury, nor is it any defense to the claim of a holder for value that he knew that the indorser was one for accommodation; except as stated, an indorser may avail himself of the same defenses that might be used by the maker.

It follows that the defense of absence or failure of consideration would be available to an indorser.    The defense pleaded in the case at bar, however, is not one of absence or failure of consideration within the authorities.    It is a defense available only to the maker. If the indorser were sued alone there would be no defense upon the pleadings.    But when the indorser and the maker are joined as defendants, as they are here, the reasons which make improper the use of the pleaded defense by the indorser alone do not apply. Then the indorser may avail himself of any defense that the maker pleads.    (*Queen City Bank* v. *Brown*, 75 Hun, 259, 261; *American Guild* v. *Damon*, 186 N. Y. 360, 366.)    Therefore, the motion is denied.