.WINCHESTER BRITTON *v.* GEORGE V. HALL.

In an action upon a promissory note, between the original parties to it, a failure of consideration is a good defence.

But proof of such failure is not admissible, in an action against the maker by an endorsee, where there is no evidence impeaching his title.

When a note is transferred after maturity, it is taken subject only to the defences existing against it in the hands of the holder when it matured.

Proof of equities, constituting a good defence as between the original parties, is not admissible in an action by one who has received the note after maturity, if his assignor was a *bona fide* holder before maturity, and without notice of existing equities.

APPEAL by defendant from a judgment of the Marine Court at general term. This action was brought upon a promissory note made by the defendant, payable to the order of one A. B. Capwell, and endorsed by him. It was discounted at the Atlantic Bank, in the city of New York, for Mr. Capwell, was protested for non-payment, and was taken up the day after; by whom it did not appear. But the cashier testified that neither the note nor the amount of it was charged back to Mr. Capwell by the bank.

The defendant offered to show that the note was given for goods sold by A. B. Capwell, the payee of the note, to the defendant, and that, by reason of misrepresentations as to the quality of the goods, the consideration, to the amount of eighty dollars, failed. The court excluded the evidence and rendered judgment for the plaintiff, which was affirmed by the Marine Court, at general term. The defendant appealed.

*Beebe, Dean and Donohue,* for the appellant.

I. As between the original parties to the note, the failure of consideration is a good defence. 17 Johns. R. 304; 7 Cowen, 322; 9 Wend. 373.

II. In this case, A. B. Capwell, the payee, was the owner

of the note, though it was in the possession of the Atlantic Bank.

*A. B. Capwell*, for the respondent.

I. The justice, on the trial, properly rejected defendant's offer to show a partial failure of consideration to the note in suit, as between the maker and payee.

1. When an action is brought by an indorsee, or other third person who is not named in the note, the maker cannot set up any equities existing between himself and the payee, until he has impeached the plaintiff's title. *Nelson* v. *Cowing*, 6 Hill, 336.

2. The bank, being a *bona fide* holder for value without notice, the plaintiff's title is perfect, and no equities between the maker and the payee can be set up.

One who takes a note after due, takes it subject to all defences existing against it in the hands of the holder when due, only. *Williams* v. *Matthews*, 3 Cowen, 252 ; *De Mott* v. *Starkey*, 3 Barb. Ch. 403 ; *Reed* v. *Warner*, 5 Paige, 650.

A partial or total failure of consideration, or even fraud, between the antecedent parties, will be no defence, even though the present holder has notice, provided he derive a title to the note from a prior *bona fide* holder for value. Story on Prom. Notes, § 191, and cases cited.

II. The offer was properly rejected, as in itself too general and indefinite. He should have gone further and offered to show explicitly what was the *defect* in the goods, and what was the difference occasioned thereby—the quality of the goods contracted for, and the quality delivered—and whether plaintiff or payee had any notice of the defect, and that defendant had offered to return the goods delivered before the action was commenced, or some excuse for not having made such an offer. *Castle* v. *Woodhouse*, 1 Code Reporter, 72.

BRADY, J.—The Atlantic Bank discounted the note, on which the action was brought, for Capwell, the payee, and the note remained in the possession of the bank until maturity and protest. The day after it was protested it was taken up, but by

whom does not appear. The note was not charged by the bank to Capwell, the payee. The defendant's offer was to show that, in the hands of the payee, there was a failure of consideration; and this offer seems to have been predicated on the assumed fact that the note belonged to the payee, though in the possession of the plaintiff. The bank, having discounted the note, was a *bona fide* holder before maturity and without notice of existing equities, and, on the facts proved, the presumption was that the note was transferred by the bank to the plaintiff. There is no evidence showing any transfer to the payee or re-delivery to him, or payment by him to the bank of the amount of the note. The evidence offered, therefore, was inadmissible, because there was no evidence impeaching the plaintiff's title. It is well settled that, as between the original parties to a note, failure of consideration is a good defence; and it seems to be equally well settled, that where a note is transferred after maturity, it is taken subject only to the defences existing against it in the hands of the holder when it matured. *Chalmers and others* v. *Lanion*, 1 Campb. 383; *Driggs* v. *Rockwell*, 11 Wend. 505; *Williams* v. *Matthews*, 3 Cowen, 260; *Andrews* v. *Pond*, 13 Peters, 79. The defendant had a right to examine the plaintiff, and could in that mode, doubtless, have proved the manner in which and the person from whom the plaintiff obtained the note. He did not do so, and has failed to lay the foundation for his defence.

Judgment affirmed.