MARY J. TURNER, Administratrix, etc., Respondent, *v.* GEORGE F. KELLER, Impleaded, etc., Appellant.

*It seems,* the general rule that an indorser of a promissory note contracts that the instrument itself and the antecedent signatures are genuine does not apply where the holder has procured an indorsement upon a forged note with knowledge of the forgery and upon a representation to the indorser that it was genuine, or where the holder received the note after maturity and without consideration from one who so procured the indorsement.

G. having failed in the butchering business, his brother H. bought out the business, and authorized G. to carry it on in his name. H. told E., of whom G. had been in the habit of purchasing cattle for the business, that, as he was carrying on the business, he would be responsible for all cattle sold to G. It was necessary and had been customary to give notes for cattle purchased. G. signed the name of H. to notes given to E. for cattle, which defendant K. indorsed upon the representation of E. that H. had signed them. Defendant knew the facts as to method of conducting the business, and had indorsed a large number of notes signed in the same way. In an action upon the notes, *held,* that the facts authorized an inference that G. had authority to sign notes in the name of H., and so justified a finding that the notes were made by H.

Defendant having given evidence tending to show that E. induced G. to sign the name of H. to the note, knowing that G. had no authority, and after authority was sought to be proved by the circumstances above stated, E., as a witness for plaintiff, was allowed to testify, under objection and exception, that at the time G. signed he supposed and believed that G. had authority so to sign. *Held,* no error.

Also, *held,* that it was competent to prove that E. gave credit to H. after the conversation with him above stated.

(Argued April 12, 1876; decided April 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was upon four promissory notes alleged to have been made by defendant Henry Reges and indorsed by defendant Keller, which notes were given to William Elliott for cattle delivered to George Reges, who signed the name of Henry to the notes with the knowledge of Elliott. Keller.

indorsed upon the representation of Elliott that the notes were executed by Henry. Elliott transferred the notes after maturity and without consideration to plaintiff. The further facts appear sufficiently in the opinion.

*Samuel Hand* for the appellant. The referee erred in admitting the evidence as to what Elliott supposed about George's authority to sign Henry's name. (*Nichols* v. *Kingdom Co.*, 56 N. Y., 618.) It was irrelevant to the issue whether Keller had bought cattle through Elliott. (*Green* v. *Disbrow*, 56 N. Y., 334.)

*O. Close* for the respondent.

CHURCH, Ch. J. Although the general rule is that an indorsement of a promissory note amounts (among other things) to a contract that the instrument itself and the antecedent signatures thereon are genuine (Story on Promis. Notes, § 135), yet I apprehend that no such liability could be enforced by a holder who procured an indorsement upon a forged note with knowledge of the forgery, and upon a representation to the indorser that it was genuine. That is the defence set up in this case as against Elliott, to whom the note was given ; and the plaintiff's intestate occupies no better position than he does, having received it without consideration, and after due.

The name of Henry Reges was signed to the note by his brother, George Reges, and was indorsed by the defendant Keller, their brother-in-law, and it was claimed on the trial that the note was signed without authority, with the knowledge of, and at the request of Elliott, the holder, and that the latter procured the indorsement of Keller upon the false representation that Henry's signature was genuine. On the other hand, it was claimed on behalf of the plaintiff, that George Reges, having failed in the butchering business, the same was carried on in the name of Henry, by George, who was fully authorized to make contracts, give notes and, generally, to transact the business as an agent for Henry. The note

was given for cattle purchased for the business carried on by George.

An examination of the case shows a direct and lamentable conflict of evidence between the parties and principal actors in the transaction; the brothers Reges and the defendant Keller maintaining the claim of the defendant, and Elliott corroborated, as to some circumstances, that of the plaintiff. The radical discrepancy between these witnesses as to the material facts within their personal knowledge cannot be attributed to mistake or misrecollection, and the mantle of charity is not broad enough to save some of them from the charge of intentional misstatement. The case furnishes one illustration, among many of daily occurrence in courts of justice, against the policy of allowing interested persons to be sworn in their own behalf, upon the ground that it is a temptation too great for human nature to withstand — a policy as to which there is a diversity of opinion, but with which as a court we have no concern. It is not our province to pass upon the facts. The referee decided in favor of the plaintiff's evidence and found, as a fact, that the notes were made by Henry Reges. This finding will be sustained if George Reges had authority to sign Henry's name; and if there is any legal evidence justifying the referee in finding the fact of George's authority the judgment will be sustained, even though we might, upon the evidence, come to a different conclusion. I have carefully examined the evidence and I think there is enough to justify the finding. It tends to show that, when George failed, Henry bought the establishment and authorized George to carry on the business in his name; that he told Elliott that he would be responsible for all cattle sold to George, as he was carrying on the business; that the giving of notes was necessary and had been customary in purchasing cattle; that the defendant knew all the facts, and indorsed a large number of notes, knowing that they were signed in the same way. From these general facts the referee might infer an authority to give notes and do any thing necessary and usual in prosecuting the business; and, for the purpose of passing upon this question,

we must assume that the referee gave credit to the witnesses who testified on behalf of the plaintiff.

. The exception to the decision overruling the objection to the question to Elliott, whether he supposed and believed, at the time George signed Henry's name to the notes, that George had authority to thus sign them, is not tenable. The defendants had before put in evidence tending to prove that Elliott requested Henry to sign the notes, knowing that he had no authority. The fact of authority was sought to be proved by circumstances which were not conclusive and might be true, and yet Elliott might know that no authority existed. To rebut such an inference it was competent to ask what the fact of his belief was at the time. It was not competent upon the question of authority, but if it was competent for any purpose it was sufficient. 56 New York, 618, is not applicable.

The fact that Elliott gave credit to Henry for cattle, after the conversation, was also competent; it showed that he acted upon the authority Henry had given him, and tended to corroborate the fact of such authority. The two other exceptions were not well taken. The evidence tended to show the manner in which cattle were purchased, and that the defendant was concerned in different ways in purchasing them for Reges.

The judgment must be affirmed.

All concur.

Judgment affirmed.