### ARNSON v. ABRAHAMSON et al.

(Common Pleas of New York City and County, General Term. April 7, 1890.)

NEGOTIABLE INSTRUMENTS—INDORSERS—FORGED NOTE.

Indorsers of a promissory note cannot take advantage of the fact that the signature of the maker was forged.

Appeal from fourth district court.

Action by Paula Arnson against Wolf Gekowsky and Max Abrahamson and Nathan Storm. The two last-named defendants appeal from the judgment entered in favor of plaintiff.

Argued before LARREMORE, C. J., and BISCHOFF, J.

Abraham H. Sarasohn, for appellants.

LARREMORE, C. J. This was an action brought upon a promissory note against the defendant Gekowsky, the maker, and the defendants Max Abrahamson and Nathan Storm, two indorsers upon the note. It was insisted as a defense that the note was a forgery, upon which an issue was framed and tried, and a verdict rendered in favor of the defendant. The indorsers claimed that they were discharged from liability on account of said alleged forgery.

It is a well-settled legal principle that an indorser impliedly warrants that the instrument is not forged; and, if it is, he is liable upon this warranty. He cannot question the signature of the maker or previous indorser, or take advantage of the fact that the signature of the maker or previous indorser was forged. Turner v. Keller, 66 N. Y. 66; Herrick v. Whitney, 15 Johns. 240; Shaver v. Ehle, 16 Johns. 201; Morrison v. Currie, 4 Duer, 79. The acceptor of a bill is presumed to know the signature of the drawer; and, if the bill is accepted upon the faith of his indorsement, he is liable to a bona fide indorsee or holder for value, even though the bill proves to be a forgery. National Park Bank v. Ninth Nat. Bank, 46 N. Y. 77; Bank of Commerce v. Union Bank, 3 N. Y. 230. See, also, Coggill v. Bank, 1 N. Y. 113. It has been decided that where a note is indorsed for the accommodation of the maker or payee, and is negotiated to a third person, who pays value for it, the party receiving it, and who pays value, is entitled to recover upon it against such indorser notwithstanding the purchaser took it with full knowledge that it was accommodation paper. Ross v. Bedell, 5 Duer, 462; Grant v. Ellicott, 7 Wend. 227; Commercial Bank v. Norton, 1 Hill, 501. This case comes within the rule of Fassin v. Hubbard, 55 N. Y. 465, as there was no limitation of the indorsers' liability upon the contract. The judgment appealed from should be reversed as to the defendants Max Abrahamson and Nathan Storm, and judgment should be ordered against them in favor of the plaintiff, with costs.