ROBERT H. WEEMS, Respondent, *v.* MICHAEL SHAUGHNESSY, Appellant, Impleaded with JOHN M. MOORE.

*Accommodation note — right of an assignee after maturity, from a bona fide holder before maturity, to recover of the maker.*

When the payee of a note, made for his accommodation, indorses and delivers it before maturity to a third party, receiving from the latter the surrender of an old note of his own for a smaller amount and the balance in cash, such third party is thereby constituted a *bona fide* holder of the note, and his right to recover on the note as against the maker will pass to his assignee thereof after maturity.

It is immaterial, so far as the maintenance of an action on the note by the assignee against the maker is concerned, how much the assignee may have paid for the note or whether he paid anything therefor.

Pleadings will not be conformed to the proof for the purpose of reversing a judgment.

APPEAL by the defendant, Michael Shaughnessy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 18th day of October, 1892, upon a verdict directed by the court at the New York Circuit.

*C. Fine*, for the appellant.

*C. A. B. Pratt, Jr.*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover upon a promissory note made by the defendant Shaughnessy to the defendant Moore, and which note was indorsed by the defendant Moore to the firm of Donnell, Lawson & Simpson for value and before maturity, and was subsequently assigned and delivered by Donnell, Lawson & Simpson to the plaintiff.

FIRST DEPARTMENT, JUNE TERM, 1893. [Vol. 70.

The answer of the defendant and appellant Shaughnessy admitted the making of the note, denied that it was delivered for a valuable consideration, denied any knowledge or information sufficient to form a belief as to whether the defendant Moore delivered the note to the firm of Donnell, Lawson & Simpson, and by a similar averment denied that the note was duly assigned and delivered by Donnell, Lawson & Simpson to the plaintiff.

The answer further alleged that the note was made and delivered without any consideration whatever, and solely for the accommodation of the defendant Moore, and that the plaintiff had knowlege of that fact at the times mentioned in his complaint. Then follows an allegation that the plaintiff is not the real party in interest in said action.

Upon the trial it was shown that the firm of Donnell, Lawson & Simpson received the note in question from Moore before maturity, and at the time surrendered to him an old note of Moore for $3,000 and interest, and paid to him the balance in cash; and that subsequently and after maturity they transferred the note to the plaintiff.

Some evidence was introduced tending to show that the appellant had given the note to Moore, to be used by him in releasing a mortgage on his home in Orange, N. J., he having stated that he wanted it for that purpose, and that the appellant had received nothing from Moore at the time of the giving of the note.

Upon the close of the evidence, the defendant moved for the direction of a verdict upon the ground that the evidence showed that the plaintiff had parted with no value. The court having announced its determination to direct a verdict for plaintiff the counsel for the defendant asked to go to the jury upon the question whether the plaintiff parted with any value at all for this note, and whether Donnell, Lawson & Simpson were not in law and in fact the real owners of the note.

This motion was denied and the defendant excepted and the court directed a verdict in favor of the plaintiff, to which an exception was taken.

It is claimed upon the part of the appellant that the court erred in directing a verdict for the plaintiff, because he was not a *bona fide* holder, he having received the note after it had matured, not having parted with any valuable consideration, and that in any

event he should not have recovered more than the amount of cash paid by Donnell, Lawson & Simpson at the time they took the note, they having taken it in part payment of an old debt, and that the question as to whether Donnell, Lawson & Simpson were *bona fide* holders by the surrender of the precedent note to Moore should have been left to the jury for their determination, and furthermore that the note was diverted, and although the answer did not claim any diversion there was evidence to that effect and the court should upon appeal make the answer conform to the proof.

It seems to us that in all these objections the defendant has lost sight of the proposition that it is entirely immaterial what the plaintiff paid for the note in question. Donnell, Lawson & Simpson might have given it to him, and he would have a right to recover, if they had a right to recover. And the evidence is uncontradicted that upon the receipt of the note in suit, Donnell, Lawson & Simpson paid $1,900 in cash, and gave up to Moore his note, which constituted them *bona fide* holders.

The allegation in the answer is that the note was given for the accommodation of Moore. If he could not use it, and confer a good title upon the persons to whom he transferred it, the making of the note was no accommodation whatever. It has been endeavored to twist this defense into an allegation of diversion; but although pleadings are sometimes made to conform to the proof in order to support a judgment, we have not yet heard of a case where such a practice was resorted to for the purpose of reversing a judgment.

The court was right in holding that if Donnell, Lawson & Simpson could recover, the plaintiff could recover, no matter whether he was a holder for value or had acquired title after maturity or not.

There are no other exceptions to which it is necessary to call attention.

The judgment must be affirmed, with costs.

FOLLETT and BARRETT, JJ., concurred.

Judgment affirmed, with costs.