### JENNINGS v. CARLUCCI et al.

#### (Supreme Court, Appellate Term. March 24, 1904.)

1. NEGOTIABLE INSTRUMENTS—STATUTE—BONA FIDE HOLDER AFTER MATURITY —DEFENSES.

> The Negotiable Instruments Law, § 97 (Laws 1897, p. 732, c. 612), provides that in the hands of any holder other than a holder in due course a negotiable instrument is subject to the same defenses as if it were nonnegotiable, but that the holder who derives his title from a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter. *Held*, that where a note was indorsed by the payee to another and by three successive holders before it was acquired by plaintiff, and the indorser to plaintiff was a bona fide holder of the note, and transferred it for value, after maturity, to the plaintiff, defenses available as between the original parties were not available against plaintiff.

Appeal from City Court of New York, Trial Term.

Action by Clarkson Jennings against Frederick Carlucci and another. From a judgment for plaintiff and an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Menken Bros., for appellants.

Otto Droege, for respondent.

BLANCHARD, J. This action was brought to recover the amount due on a promissory note made by the defendant Gaggiano to one Bell, and indorsed by the defendant Carlucci and as so indorsed delivered to said Bell. The note was thereafter indorsed by Bell, without recourse, to A. Lambertti, who indorsed it to P. J. Lambertti, who indorsed it to Di Lorenzo. The evidence established the facts that Di Lorenzo was a bona fide holder of the said note; that he acquired it in due course, and for value, before maturity; that he transferred it for value, after maturity, to the plaintiff. The defendants, by their answers, interposed certain defenses which might have been available as between the original parties to the note. But Di Lorenzo, being a bona fide holder of the said note in due course, and for value, took the note without any infirmity attaching thereto, and his title appears to have been perfect. The same title passed to the plaintiff upon the transfer of the note to him by Di Lorenzo for value. Neg. Inst.

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 939.

Law, § 97 (Laws 1897, p. 732, c. 612); Weems v. Shaughnessy, 70 Hun, 175, 24 N. Y. Supp. 271. The exceptions of the defendants are without merit.

The judgment and order appealed from should be affirmed, with costs. All concur.